(69 Misc. Rep. 598.)

## LORDI v. PEOPLE'S SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Term.   December 8, 1910.)

BONDS (§ 122*)—ACTION—PARTIES.

    An action on a bond given by a surety company to insure the faithful transmission by a banker to foreign countries of moneys deposited with him for such purpose may not be maintained by a single creditor, though there be no proof of the existence of other creditors.

    [Ed. Note.—For other cases, see Bonds, Dec. Dig. § 122.*]

Appeal from City Court of New York, Trial Term.

Action by Antonio Lordi against the People's Surety Company of New York.   Judgment for plaintiff, and defendant appeals.   Reversed, and new trial ordered.

See, also, 119 N. Y. Supp. 1133.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Edward M. Grout and Paul Grout (F. Sidney Williams, of counsel), for appellant.

Rosario Maggio, for respondent.

PER CURIAM.   The defendant appeals from a judgment of the City Court in favor of plaintiff, entered upon the verdict of a jury, in an action brought by plaintiff to recover from defendant the sum of $510 and interest, deposited by plaintiff with one Caponigri, a banker, to be transmitted by him to a bank in Italy.   The plaintiff proved the deposit of the money with Caponigri, his failure to transmit the sum to Italy as per instructions, and the giving of a bond by defendant surety company conditioned upon the faithful transmission by him of all moneys which might be deposited with him for transmission to foreign countries.

The appellant contends that the bond executed by the defendant surety company was intended to create a fund for the benefit of all creditors, and that an action cannot, therefore, be maintained for his sole benefit by a single creditor, based upon such bond.   There is no evidence in this case of the existence of any other creditors. Appellant quotes in support of its proposition the opinion of the learned Appellate Division in Guffanti v. National Surety Co., 133 App. Div. 610, 118 N. Y. Supp. 207, to the effect that:

"An action at law by one creditor solely on behalf of himself is entirely inconsistent with the purpose for which the bond was required or given."

The Guffanti Case, however, was an action in equity, brought on behalf of a number of creditors, and the question at issue was whether an action could be maintained.   The situation in the case at bar is entirely different, and it seems hardly possible that the learned court of review intended to hold that an action at law upon the bond cannot be maintained by a single creditor, where there is an entire absence of proof as to the existence of other creditors.   As the Appellate Term of this court, however, has followed this rule in Cappadonna v. Illinois Surety Co., 68 Misc. Rep. 470, 125 N. Y. Supp. 162, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in other recent cases, we deem it our duty to follow the same course, and order a reversal of the judgment herein, with leave to appeal to the Appellate Division.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, with leave to appeal to the Appellate Division.