## LORDI v. PEOPLE'S SURETY CO.

(Supreme Court. Appellate Division, First Department.   March 31, 1911.)

APPEAL AND ERROR (§ 368*)—DISMISSAL.

Where plaintiff recovered a judgment in the City Court, and on appeal to the Appellate Term a new trial was awarded, with leave to the plaintiff to appeal to the Appellate Division, which he did, and for his failure to file with his application for leave to appeal an assent on his part that, if the order be affirmed, judgment absolute might be entered against him, in accordance with Code Civ. Proc. § 3191, the second appeal should be dismissed, in view of section 3194, providing for the rendition of an absolute judgment in such cases against the appellant if the appellate court finds that the Appellate Term did not err in awarding a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1997; Dec. Dig. § 368.*]

Appeal from Appellate Term.

Action by Antonio Lordi against the People's Surety Company of New York. There was a judgment for plaintiff, which was reversed by the Appellate Term (69 Misc. Rep. 598, 126 N. Y. Supp. 180), and a new trial granted, from which plaintiff appeals. Appeal dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

Rosario Maggio, for appellant.
Edward M. Grout and Paul Grout, for respondent.

PER CURIAM. The plaintiff obtained a judgment in the City Court, which was reversed by the Appellate Term, and a new trial granted. 69 Misc. Rep. 598, 126 N. Y. Supp. 180. The Appellate Term allowed an appeal to this court from the order granting a new trial; but the Appellate Term did not require, nor did the appellant file in the City Court, a stipulation providing that, if the order should be affirmed, the defendant should have judgment absolute.

Section 3191 of the Code of Civil Procedure provides that, where the appeal from the Appellate Term to the Appellate Division is from an order granting a new trial in an action in the City Court, the appellant must, with his application for leave to appeal, file an assent on his part that, if the order is affirmed, judgment absolute may be entered against him. Section 3194 provides that upon an appeal from an order granting a new trial on a case and exceptions, if the Appellate Term determines that no error was committed in granting a new trial, it must render judgment absolute upon the right of the appellant. The provision of section 3191 is a limitation of the right to appeal. No appeal from an order granting a new trial can be taken unless, in addition to the allowance by the Appellate Term, the appellant files an assent on his part that, if the order is affirmed, judgment absolute may be taken against him.

In the case of an appeal from the Appellate Division to the Court of Appeals from an order granting a new trial, it was held that the Court of Appeals has no power to review an appeal from an order granting a new trial on exceptions, unless the appeal is accompanied

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the stipulation for judgment absolute in case of an affirmance, and that the Appellate Division has no power to dispense with the stipulation by allowing that appeal and certifying questions of law for review. People v. Gaffey, 182 N. Y. 257, 74 N. E. 836; N. Y. C. & H. R. R. Co. v. State, 166 N. Y. 286, 59 N. E. 905; Mundt v. Glokner, 160 N. Y. 571, 55 N. E. 297. The case of Hart v. N. G. Lloyd S. S. Co., 108 App. Div. 279, 95 N. Y. Supp. 733, was an appeal from the determination of the Appellate Term reversing a judgment of the Municipal Court, and in the opinion in that case attention was called to the fact that, upon an appeal from an order of the Appellate Term reversing a judgment of the City Court, the appellant was required to file such a stipulation; but there is no provision in relation to an appeal from an order of the Appellate Term ordering a new trial in an action tried in the Municipal Court.

It follows, therefore, that no appeal could have been allowed without the stipulation, and this appeal must therefore be dismissed.

Motion granted, with $10 costs.