## F. PHILLIPS v. T. S. SEMINGSON et al.

### (142 N. W. 47.)

**Warehouseman — bondsmen — action — pleading — storage tickets — ticket holders — individual holder — benefit of all.**

Plaintiff brings action against the bondsmen of a warehouseman for the value of certain wheat storage tickets. *Held:*—

(1) That when suit is brought upon the bond required by § 2247, Rev. Codes 1905, the complaint must show that such action is brought on behalf of all the holders of storage tickets upon which default has been made, and the better procedure is to bring the action in the name of the state for the benefit of said ticket holders. Action by one of many such ticket holders, in his own individual name, will not lie.

**Answer — counterclaim — bar — demurrer.**

(2) Answer examined, and *held* that the matters set up therein by way of counterclaim do not constitute a bar, and a demurrer thereto was properly overruled.

Opinion filed May 24, 1913.

Appeal from the District Court for Divide County, North Dakota: *Leighton,* J.

Affirmed.

*Brace & Points,* for appellant.

The nominal obligee in the bond involved in this case is the state; but, the real obligee and the person for whom the law required the bond to be given is anyone who suffers on account of the breach thereof.

Therefore, the plaintiff having been damaged, he becomes the real party in interest. Rev. Codes 1905, § 2247.

The bond is given for the benefit of persons dealing with the warehouseman. State ex rel. Hart-Parr Co. v. Robb-Lawrence Co. 17 N. D. 257, 16 L.R.A.(N.S.) 227, 115 N. W. 864; 15 Enc. Pl. & Pr. 710; Gross v. Heckert, 120 Wis. 314, 97 N. W. 952; Hoagland v. Van Etten, 22 Neb. 681, 35 N. W. 869; Kinsella v. Sharp, 47 Neb. 664, 66 N. W. 634.

The plaintiff being the real party in interest, the action must be prosecuted in his name. Rev. Codes 1905, § 6807; Kerr's Cyc. Code Civ. Proc. 342–344 U. 17; 15 Enc. Pl. & Pr. 77, 710, 719; 3 Enc. Pl. & Pr. 640; Hollister v. Hubbard, 11 S. D. 461, 78 N. W. 949; State v. Newson, 8 S. D. 327, 66 N. W. 468; Custer County v. Albien, 7 S. D. 482, 64 N. W. 533.

Parties belonging to a certain class who are intended to be protected by such a bond can sue in their own names. Moede v. Haines, 66 Minn. 419, 69 N. W. 216; Milwaukee v. United States Fidelity & G. Co. 144 Wis. 603, 129 N. W. 786.

Such action need not be brought in name of the state. State v. Wettstein, 64 Wis. 234, 25 N. W. 34.

The beneficiary is the real party in interest. Platteville v. Hooper, 63 Wis. 381, 23 N. W. 581; McLean v. State, 8 Heisk. 22; Lay v. State, 5 Sneed, 607; 1 Kinkead, Code Pl. § 347; Barker v. Wheeler, 71 Neb. 740, 99 N. W. 548; Pickle Marble & Granite Co. v. McClay, 54 Neb. 661, 74 N. W. 1062.

Such action must be brought in the name of the real party in interest, and *not* in the name of the party holding the legal title for the benefit of the party in interest. Sample v. Hale, 34 Neb. 220, 51 N. W. 837; Lyman v. Lincoln, 38 Neb. 794, 57 N. W. 531; Kaufmann v. Cooper, 46 Neb. 644, 65 N. W. 796; Doll v. Crume, 41 Neb. 655, 59 N. W. 806; Hickman v. Layne, 47 Neb. 177, 66 N. W. 298; Fitzgerald v. McClay, 47 Neb. 816, 66 N. W. 828; Rohman v. Gaiser, 53 Neb. 474, 73 N. W. 923; Baker v. Bartol, 7 Cal. 551; Barker v.

Wheeler, 71 Neb. 740, 99 N. W. 548; Lake County v. Schradsky, 31 Colo. 178, 71 Pac. 1104; Rice v. Savery, 22 Iowa, 470; St. Louis, K. C. & N. R. Co. v. Thacher, 13 Kan. 564; Weide v. Porter, 22 Minn. 429; Sloman v. Great Western R. Co. 67 N. Y. 208; Hall v. Plaine, 14 Ohio St. 423.

Even though the state is trustee of an express trust—as obligee in the bond—still the real party in interest may sue in his own name. Sutherland Pl. § 14, and cases cited.

Statutes are *in pari materia* which relate to the same person or thing, or to same class of persons or things. Rev. Codes 1905, §§ 2247–2264; United Soc. v. Eagle Bank, 7 Conn. 457; People v. Aichinson, 7 How. Pr. 245; Waterford & W. Turnpike v. People, 9 Barb. 169; Highgate v. State, 59 Vt. 39, 7 Atl. 898; O'Neal v. Robinson, 45 Ala. 535; Plummer v. Murray, 51 Barb. 202; 26 Am. & Eng. Enc. Law, 621, 622.

The bond sued upon herein is a statutory bond. The statutory conditions contained in the bond are valid and enforceable, even though the bond contains many other conditions—such additional conditions may be rejected as surplusage. Murfree, Official Bonds, §§ 36, 430; State ex rel. Griffith v. Purcell, 31 W. Va. 44, 5 S. E. 301; Johnson v. Erskine, 9 Tex. 9; Hedderick v. Pontet, 6 Mont. 345, 12 Pac. 765; Milwaukee v. United States Fidelity & G. Co. 144 Wis. 603, 129 N. W. 786; 5 Cyc. 751, and cases cited.

The purpose of this statutory bond is to provide security for those dealing with the warehouseman giving the bond. State ex rel. Hart-Parr Co. v. Robb-Lawrence Co. 17 N. D. 257, 16 L.R.A.(N.S.) 227, 115 N. W. 864; 5 Cyc. 752, 754, 756, and cases cited; Brandt, Suretyship & Guaranty, § 82.

The plaintiff is not required first to sue the principal and obtain judgment. Such is not a condition precedent to an action upon the bond. Douglass v. Howland, 24 Wend. 35; M'Kellar v. Bowell, 11 N. C. (4 Hawks) 34; Murfree, Official Bonds, §§ 490, 491, 492; 5 Cyc. 822; Yerxa v. Ruthruff, 19 N. D. 13, 25 L.R.A.(N.S.) 139, 120 N. W. 758, Ann. Cas. 1912 D, 809.

*Geo. Cudhie,* for respondents.

A general demurrer to the answer searches the record and attaches to the first defect in the pleadings. Tribune Printing & Binding Co.

v. Barnes, 7 N. D. 591, 75 N. W. 904; Hower v. Aultman-Miller & Co. 27 Neb. 251, 42 N. W. 1039; Hawthorne v. State, 45 Neb. 871, 64 N. W. 359; State ex rel. Broatch v. Moores, 52 Neb. 770, 73 N. W. 299.

The plaintiff should allege and prove a demand for the grain or its value; also an offer to return the storage receipts, and a tender and refusal of the storage charges. First Nat. Bank v. Young, 20 Wash. 337, 55 Pac. 215; Baker v. Born, 17 Ind. App. 422, 46 N. E. 930; Jemison v. Birmingham & A. R. Co. 125 Ala. 378, 28 So. 51; Best v. Muir, 8 N. D. 44, 73 Am. St. Rep. 742, 77 N. W. 95; Plano Mfg. Co. v. Jones, 8 N. D. 315, 79 N. W. 338; Towne v. St. Anthony & D. Elevator Co. 8 N. D. 200, 77 N. W. 608; First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 91 N. W. 436; Burr v. Dougherty, 21 Ark. 559.

Such an action must be maintained in the name of the state. The property of a decedent descends, chargeable with the payment of his debts. But, to charge the estate with such debts, the procedure outlined by the Code is necessary.

The claim here in suit was never presented to the administrator. Rev. Codes § 5084; Rev. Codes, §§ 8097, 8099–8105.

The liability of the bondsmen is measured by the terms and conditions of the bond. 5 Cyc. 758.

Such liability cannot be determined by the liability of the principal. 29 Cyc. 1454, and cases cited; McPhee v. United States Fidelity & G. Co. 52 Wash. 154, 21 L.R.A.(N.S.) 535, 132 Am. St. Rep. 958, 100 Pac. 174; Rev. Codes, § 2247.

Sureties who have undertaken to be responsible for the principal within certain territory, are not responsible for his acts elsewhere. 32 Cyc. 110.

BURKE, J. The complaint in this action is too lengthy to be given verbatim, but is substantially as follows: That on the 21st day of September, 1909, one James J. Ryder commenced business as a public warehouse and elevator man in the village of Crosby, North Dakota, and that for the purpose of obtaining the license required by § 2247, Rev. Codes 1905, he furnished a bond signed by the defendants in this action, running to the state of North Dakota in the sum of $5,-

000. That the bond so given contained the following provision: "Now, therefore, if the said James J. Ryder shall faithfully and lawfully perform all duties as public warehouseman, and comply with all the laws of the state of North Dakota relative thereto, and the rules and regulations adopted by the board of commissioners of said state in connection therewith, and shall pay all sums for which he shall be adjudged to be liable in any way by any of the creditors of the state of North Dakota by reason of the laws of said state, or the rules and regulations of said board, then this obligation is to become null and void, otherwise to remain in full force and effect."

That during the months of October and November, 1910, the plaintiff delivered to said Ryder at the public warehouse conducted by him, 736 bushels and 40 pounds of No. 1 hard wheat, and received therefor storage tickets in due form; that said wheat belonged to the plaintiff and was of the value of 95 cents per bushel. That on or about the 31st of December, 1910, the said Ryder closed the said warehouse, leaving no one in charge thereof; and that on or about the 13th of January, 1911, the said Ryder appointed the Security State Bank of Crosby as agent, with authority to redeem all outstanding warehouse receipts, but that on the 21st day of January, 1913, said bank ceased to redeem such receipts, for the reason that they had exhausted the funds furnished them by Ryder. That about the 11th day of February, 1911, the said Ryder died and an administrator was appointed for his estate. That plaintiff had demanded that the said administrator deliver to him said wheat, or its equivalent in money, both of which have been refused, by reason of which facts plaintiff asked judgment against the bondsmen for the value of said wheat. The defendants' answer practically admitted all of the allegations of the complaint, but alleged as an affirmative defense new matters as follows: First, that said Ryder had removed his elevator from its original site to another lot in the village of Crosby, without the consent of his said bondsmen; second, that the license issued by the state to said Ryder was contrary to the provisions of the bond, in that it authorized Ryder to continue business for a period beyond that designated in the bond; and, third, that said Ryder was never at any time adjudged to be liable to plaintiff for any sum arising out of the performance or nonperformance of any of his

duties as warehouseman by any of the creditors of this state, and that no action was ever commenced against Ryder or his administrator.

To this answer the plaintiff interposed a demurrer upon the grounds that it did not state facts sufficient to constitute a defense. Upon a hearing, the trial court took the position that all of the facts alleged in the complaint and answer were admitted, and that therefore nothing remained but to decide the law. In other words, he treated the hearing as a trial upon issues of law alone, or, as stated by the respondent, it was considered that the demurrer to the answer searched the record. Upon the said hearing the trial court held that the complaint of the plaintiff herein did not state a cause of action in favor of the plaintiff, and this appeal is from that holding.

(1) The appellant, in his brief, recognizes this proposition as follows: "In sustaining the demurrer of the defendant, the court necessarily held that the action could not be maintained by this plaintiff, since he is not the obligee named in the bond." We have examined authorities cited by appellant with care, but they do not seem to be in point. The gist of said decisions is that the action must be maintained by the real party in interest, which is undoubtedly correct as a legal proposition, but it does not necessarily follow that the plaintiff is the real party in interest in this action. Section 2247, Rev. Codes 1905, provides that the bond shall be given to the state, and "shall be in sufficient amount to protect the holders of outstanding tickets." This bond is given for the benefit of *all* ticket holders, and not for the benefit of any particular one. Plaintiff is therefore only a small part of the real party in interest. Section 6809, Rev. Codes 1905, provides that a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. Under these provisions South Dakota has held that the suit *may* be in the name of the state, without deciding whether it may also be brought by the beneficiaries. State v. Newson, 8 S. D. 327, 66 N. W. 468; other cases cited by appellant are based upon dissimilar facts to those at bar; for example, when the bond given is for the protection of one particular person interested, and not for a class of persons. The nearest authority that we have been able to find was contained in the following cited New York cases: In 1907 the New York state legislature passed an act requiring all persons engaged in

25 N. D.—30.

the selling of steamship tickets, and who in connection therewith received deposits of money to be transmitted to foreign countries, to execute and deliver a bond to the state for the faithful transmission of such money. Said act being very similar in its nature to our warehousemen's act. In case of Guffanti v. National Surety Co. 133 App. Div. 610, 118 N. Y. Supp. 207, it was held that the action must be brought in equity on behalf of all of the beneficiaries, and that an action would not lie in favor of any one individual beneficiary. The reasoning in that case is very strong, and we will quote extracts therefrom: "The remaining question is whether the plaintiff can maintain the action in its present form. The undoubted purpose of the statute is to . . . provide a fund to indemnify creditors. By requiring a bond to be given, a fund is provided for the payment of such creditors; such fund, I think, is not for one creditor but for all, and should be equitably distributed among all according to their respective claims. It cannot be that the legislature intended that the benefits to be derived from the bond were solely for the most diligent creditor if his claim happened to be in excess of the penalty of the bond; nor do I think it can be said, when the purpose of the statute is taken into consideration, that it was intended that each creditor, no matter what the amount of his claim might be, should be compelled to maintain an action at law, but, on the contrary, any one creditor might maintain an action on behalf of himself and all others similarly situated. An action at law by one creditor solely on behalf of himself is entirely inconsistent with the purpose for which the bond was required or given." See also Terry v. Little, 101 U. S. 216, 25 L. ed. 864, wherein it is said: "The remedy must always be such as is appropriate to the liability to be enforced. . . . If the object is to provide a fund out of which all creditors are to be paid, share and share alike, it needs no argument to show that one creditor should not be permitted to appropriate to himself, without regard to the rights of others, that which is to make up the fund." See also Hirshfeld v. Fitzgerald, 157 N. Y. 166, 46 L.R.A. 839, 51 N. E. 997, wherein it is said: "The object of this statute was undoubtedly to furnish additional security to creditors, and is for the benefit of them all, and should be enforced by or on behalf of all." This holding of the New York supreme court was followed in Cappadonna v. Illinois Surety Co. 68 Misc. 470, 125 N. Y. Supp. 162, which

was an action under the same New York statute. In that case the bond was limited to the sum of $15,000, and suits by individuals had been brought and the surety company had paid the entire sum in judgments upon these suits. Notwithstanding these facts, when suit was brought in equity by one of the remaining creditors for and upon behalf of all of the creditors, his suit was maintained and the payment to the individuals was held to be no bar. This holding was upheld again in Lordi v. People's Surety Co. 69 Misc. 598, 126 N. Y. Supp. 180. The reasoning of the New York court appeals to us and will be followed in this case. In addition to the reasons therein given, we might state that as the bond is given for the benefit of the creditors of the warehouse the entire amount of the penalty should be conserved for their benefit. If each individual ticket holder brought an individual suit, the same might be so numerous and the costs so large that the $5,000 required in this case might be exhausted in the payment of said $3,000 defalcation. And again if individual suits were allowed, there would be many chances for collusion between the first litigants and the bondsmen. We think it best to adopt a rule in this state that the actions upon the warehousemen's bond may be instituted by any creditor, but must be brought on behalf of themselves and all others similarly situated. As § 6809, Rev. Codes 1905, authorizes this action to be brought in the name of the state for the benefit of the beneficiaries, we think it better to entitle the action in that manner. It thus appears that the complaint was fatally defective, and that the order of the trial court was correct.

(2) Though the holding in ¶ 1 disposes of this case, we might say that we do not believe the matters pleaded as a defense in the answer of the defendant constitute a bar to this action. A perusal of the bond does not bear out the contention of the defendants that the license was improperly issued by the railroad commissioners, nor do we think it material that the elevator was moved a short distance within the same village, nor that any judgment was ever recovered against Ryder. The bond has many conditions besides that which provides that the sureties will pay any judgments obtained against Ryder. The order of the trial court is in all things affirmed. This decision, however, is to be without prejudice to the bringing of the proper action in equity as outlined above.