FRANK COAN, Respondent, v. PLAZA EQUITY ELEVATOR COMPANY, a Corporation, Appellant.

(232 N. W. 298.)

Opinion filed August 4, 1930. Rehearing denied October 14, 1930.

*F. F. Wyckoff,* for appellant.

*F. B. Lambert,* for respondent.

Burke, Ch. J.   On December 1, 1927, the plaintiff brought an action against the defendant to recover $2,803.50, the value of certain grain the plaintiff delivered to the defendant in the fall of 1924, and which grain the plaintiff claims the defendant converted.   There was a verdict for the defendant upon which judgment was entered March 14, 1928.

On May 23, 1928, a notice of motion for a new trial was served returnable on the 13th of June 1928, which was submitted on written brief.   On September 12, 1928, the trial judge filed a memorandum opinion stating that the motion for a new trial would be denied, and on September 25, 1928, an application was made by plaintiff for a re-

consideration of said motion. In September 1928, the attorney for plaintiff made inquiry from the court reporter for an estimate of the cost of the transcript which he received on October 3, 1928, and on November 14, 1928, the trial judge after a consideration of the application for a reconsideration of the motion for a new trial wrote to the attorneys that he would adhere to his former opinion, and on November 22, 1928, a final order was made denying a new trial.

The court reporter who took the testimony died on the 2d day of November, 1928, and on the 15th day of March 1929, this action was commenced for the purpose of securing a new trial of the first action, alleging that the death of the reporter precluded the plaintiff from having the case reviewed by the supreme court on appeal.

At the trial of this action, the court found as a fact that an action was commenced by the plaintiff against the defendant for the conversion of some 1,300 bushels of rye and some wheat which was tried to a jury, and a verdict rendered and filed in said court on the 21st day of February, 1928, upon which judgment was entered dismissing the action; that on May 31, 1928, and within the proper time, notice of motion for a new trial, the hearing of which was set for the 13th day of June, 1928, based on all the records and files in the case a number of affidavits, the minutes of the court, eighteen assignments of error, and seven specifications of particulars, wherein it was alleged that the evidence was insufficient to justify the verdict; that there was a memorandum opinion in which it was stated that the motion would be denied by a formal order; that plaintiff's counsel immediately upon receipt of memorandum opinion of the court made application for reconsideration of the motion with an additional brief; that application was made to the official court reporter for an estimate of the cost of the transcript for an appeal which was furnished on the second day of October, 1928; that preparation for financing the appeal was made immediately after the receipt of the estimate of the cost, and plaintiff instructed his counsel to appeal his case to the supreme court in case of the filing of a formal order denying a new trial; that while motion for a new trial was pending on the 2d day of November, 1928, the court reporter died before the motion had been decided; that an order of the court denying plaintiff's motion for a new trial was made November 22, 1928. On November 26, 1928, the day of the service of

the order denying plaintiff's motion for a new trial, plaintiff's counsel made inquiry of the judge and his court reporter for information on procuring a transcript of the testimony, and was informed that the reporter who took the testimony used a different system of shorthand, and a transcript could not be made from his record, and that it was at all times since the death of the court reporter who took the testimony impossible to procure a transcript of the testimony taken at the trial; that while the motion for a new trial was pending, the time for appeal from the judgment expired, and the time for making a motion for a new trial on other grounds than those specified in the original motion had also expired; that at all times after the trial of the action up to the time of the expiration of the time for the taking of an appeal from the judgment, or from the order denying the motion for a new trial the plaintiff and his counsel were prepared to and in good faith intended to make an appeal to the Supreme Court of the state in case of an adverse decision affecting the plaintiff's rights.

It is clear from the record, that several issues of law would be involved in such appeal, and the merits thereof could only be determined by the action of the appellate court upon a transcript of the testimony as a part of the record, and that the time for appeal from the judgment had expired before the serving of defendant's argument and brief in opposition to plaintiff's motion for a new trial; that at the time of the death of the court reporter who took the testimony, the time for making a motion for a new trial on grounds other than those specified in the motion previously made, had expired and that the motion for a new trial was not denied until after the death of said reporter; that there were no laches or neglect of any kind on the part of the plaintiff or his counsel in not ordering a transcript or proceeding with his appeal prior to an adverse decision and that plaintiff lost his right of appeal from both the judgment and the order denying a new trial without fault, neglect or laches on his part, or on the part of his counsel.

At the trial of this action there was but one question involved, viz., Was the plaintiff in equity entitled to a new trial?

It was stipulated that the question, whether or not a new trial should be granted should first be disposed of by the court, and that is the only question before this court.

There is very little conflict in the record. It is agreed that the court stenographer died while a motion for a new trial was pending, and that the time to appeal from the judgment expired before the defendant's brief on motion for new trial was served. We think the findings of facts are sustained by the record.

In his brief appellant states specifications of error herein involve one general question, viz., "Did the court commit error in granting judgment for new trial of the first action on account of the death of the court stenographer who took the testimony therein?" It is clear from the record that a transcript of the notes was necessary on appeal, and the plaintiff was deprived of his right to appeal, by reason of his not being able to get a transcript of the testimony taken at the trial.

In the case of Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491, this court held: "In an action in equity to obtain a new trial of an action, on ground that the party complaining has been deprived of the right to have his case reviewed in the Supreme Court, it must appear that in the trial thereof, matters were determined adversely to the party complaining, to the prejudices of his interests, and that he was, by fraud or accident, deprived of his constitutional right to be heard thereon in the court of last resort and that he was himself without fault."

So far as the motion for a new trial is concerned the respondent was certainly without fault he was pursuing this remedy diligently and whatever delay there was in the determination of the motion for a new trial was the fault of the appellant. We are of the opinion that the respondent is within the rule as laid down in the case of Bruegger v. Cartier, supra, and that a new trial was properly granted. The judgment granting a new trial is affirmed.

BIRDZELL, NUESSLE, BURR and CHRISTIANSON, JJ., concur.