[File No. 6125.]

STATE OF NORTH DAKOTA, EX REL. FRANK COAN, for the Use and Benefit of Said Frank Coan and All Others Similarly Situated, Respondent, v. PLAZA EQUITY ELEVATOR COMPANY, a Corporation, and Hartford Accident and Indemnity Company, a Foreign Corporation.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Foreign Corporation, Appellant.
and
FRANK COAN, Respondent, v. PLAZA EQUITY ELEVATOR COMPANY, a Corporation.

(249 N. W. 108.)

Opinion filed May 13, 1933.   Rehearing denied June 24, 1933.

*L. J. Palda, C. E. Brace,* and *Robert W. Palda,* for appellant.

*F. B. Lambert*, for respondent.

561

BIRDZELL, J.   The Hartford Accident and Indemnity Company appeals from a judgment entered against it and the Plaza Equity Elevator Company. The judgment was entered upon the verdict of the jury rendered in this and another action brought by Frank Coan, as plaintiff, against the Plaza Equity Elevator Company. The two actions were consolidated upon plaintiff's motion, notwithstanding the resistance of the appellant. See Coan v. Plaza Equity Elevator Co. ante, 426, 249 N. W. 104.

The first issue presented on the appeal is whether or not the court erred to the prejudice of the appellant in ordering the instant suit to be consolidated with the action of Coan against the elevator company. In order to determine that issue, it is necessary to state some of the procedural facts appearing in the record.

In the fall of 1924 the Plaza Equity Elevator Company operated a warehouse for the storage of grain in Plaza, North Dakota. In 1923 it had executed and filed a warehouseman's bond, upon which the appellant was surety, which was stipulated to terminate on the 31st day of July, 1925. During the fall of 1924 Frank Coan stored certain grain in the warehouse of the Plaza Equity Elevator Company, which grain was later sold at the direction of one Stevenson, president of the State Bank of Berthold, and the proceeds of the sale were paid over to Stevenson in December of that year. About the 1st of December, 1927, Coan commenced an action against the elevator company to recover damages on account of the alleged unauthorized sale of the grain so stored and of the neglect and refusal of the defendant to honor a later demand for the delivery of the grain. For the history of that action, see Coan v. Plaza Equity Elevator Co. 60 N. D. 51, 232 N. W. 298, id. 61 N. D. 627, 239 N. W. 620, id. ante, 426, 249 N. W. 104.

In December, 1930, the instant action was commenced upon the warehouseman's bond. In the complaint the execution of the bond is alleged and the delivery of the grain thereafter, together with the failure and refusal of the "defendant" to comply with the demands of the "plaintiff" for said grain. The complaint further alleges the pendency of the action against the Plaza Equity Elevator Company and tenders

to the defendant surety an opportunity to participate in the trial of the action on its merits. There are further allegations as to the elevator company engaging generally in the business of storing grain, a lack of information as to liability on the warehouseman's bond to others than the use plaintiff, Frank Coan, and the consequent bringing of this action "in equity" for the use and benefit of all persons to whom the "defendants" may be liable on the bond. There is a declaration as follows: "the action last above referred to will be pushed to judgment, and when and if a judgment is entered in favor of the said Frank Coan and against the Plaza Equity Elevator Company, a corporation, such judgment will be used as determining the liability of the defendants to the said Frank Coan, and as representing his share, and to be used in determining the division of any liability of the defendants in dividing it among the said Coan and others similarly situated." The prayer is for a judgment in favor of the use plaintiff for any sum which may be obtained by judgment against the elevator company in the action pending against it and for judgment in favor of the plaintiff for any sum that may be shown to be due others situated similarly to the use plaintiff and for costs. The answer was, in substance, a general denial.

On the 17th of October, 1931, the plaintiff's attorney served upon the attorneys for the surety a notice of motion that the plaintiff be allowed to file a supplemental complaint, which proposed supplemental complaint embodied allegations with reference to the proceedings in the action against the warehouseman. An order permitting the filing of the supplemental complaint was made on October 26, 1931. Two days later the plaintiff's attorney admitted service of a demurrer to the complaint "as the same stands now of record and as supplemented and aided by the supplemental complaint filed herein under order of court entered October 26th, 1931," upon the ground that sufficient facts are not stated to constitute a cause of action against the demurring defendant, the appellant. Previous to this, in July, 1931, the attorneys for the surety defendant had served notice that they would move to withdraw the answer and file a demurrer. The record shows no disposition of this motion, if in fact it was made.

On the 21st of January, 1932, the attorney for the plaintiff in both actions gave notice of hearing of a motion to consolidate the two actions for trial as one. At the opening of the trial on February 26,

1932, plaintiff's attorney announced the withdrawal of the supplemental complaint on account of certain changes in the factual situation concerning the pendency of the action against the warehouseman, and stated the action would go to trial on the original complaint, whereupon the attorney for the surety defendant asked for disposition of the issue of law raised by its demurrer to the original complaint. The court heard the demurrer, overruled it, and then granted the motion for consolidation.

After some colloquy concerning the time within which the surety defendant might determine whether it would appeal from the order overruling its demurrer or be required to answer in case it did not appeal, the court required that an answer be prepared and filed by 9:30 A. M. on Monday, February 29th. On Monday the 29th when the consolidated actions came on for trial, there was further colloquy with reference to the withdrawal of the answer for the purpose of demurring and the permission for the filing of a new answer, withdrawal of counsel and other minor matters, at the conclusion of which counsel for the present appellant announced they had made all the record in the lawsuit they desired to make and that they were not participating further in the trial. The surety defendant remained in default so far as answering is concerned, unless it can be said that the first answer stands. The case then went to trial and resulted in the judgment complained of. The record does not show any participation in the trial by counsel for the appellant, but it appears that during the trial counsel for the respondent several times referred to consultations between the attorneys for the two defendants. The record clearly shows, we think, that there was no such participation in the trial by the present appellant as would justify a holding that it had waived any error that might have been committed in consolidating the actions. Especially is this so in view of the remarks of the trial court in denying the specific request of the elevator company for a separate trial wherein the court said: "As the bond case now stands, it will present itself merely on questions of law, and for all intents and purposes, the main case will be on trial, and the bond company case will simply depend upon the results in the main case as it is now before the court. So we will proceed." All the evidence related to the liability of the elevator company to Coan, and there was no proof which would tend to establish the amount of a judgment that

should be rendered in favor of the use plaintiff Coan against the appellant as the surety on the warehouseman's bond within the principle of Phillips v. Semingson, 25 N. D. 460, 142 N. W. 47. That is to say; there was no evidence to negative liability to others or to show that the penalty of the bond was adequate to pay all claims. See Phillips v. Semingson, supra; Cappadonna v. Illinois Surety Co. 68 Misc. 470, 125 N. Y. Supp. 162; Lordi v. People's Surety Co. 69 Misc. 598, 126 N. Y. Supp. 180.

This brings us to the principal issue, did the court err to the prejudice of the appellant in consolidating the actions and in entering up judgment against it on the verdict of the jury? Section 7965, Compiled Laws of 1913, provides:

"When two or more actions are pending at one time between the same parties and in the same court upon causes of action which might have been joined, the court may order the actions to be consolidated."

In the absence of statute it may not always be necessary that there be identity of parties in order that actions may be consolidated. Such is true of consolidation of suits in equity (see 4 Enc. Pl. & Pr. 692), but in the consolidation of causes of action at common law, it is the rule that the plaintiffs and defendants must be the same and that the actions be such as may be joined. 5 Standard Proc. 258. It is said that a majority of statutes authorizing consolidation provides for it where the actions are pending at the same time between the same parties, in the same court and upon causes of action which might have been joined, although other statutes lay down a broader rule and provide for consolidation without regard to the identity of parties. See 5 Standard Proc. 255, 256. Our statute is clearly of the type that requires identity of parties as well as kinship of causes. It is taken from the New York Code of Civil Procedure and exists in similar form in Arizona, California, Colorado, Idaho, Iowa, Kansas, Minnesota, Missouri, Nebraska, Nevada, Oklahoma, South Dakota, Utah, Wisconsin and Wyoming, as well as here. Comparatively few cases have arisen under this provision of the Code of Civil Procedure, probably because of the clear statement of the rule to be followed in such matters. It does not authorize consolidation where the parties are not identical, and they are not identical in these cases. Hence, the court should not have consolidated the actions. See Ortman v. Union P. R. Co. 32 Kan. 419, 4 Pac. 858;

Smith v. Smith, 22 Col. 480, 46 Pac. 128, 34 L.R.A. 49, 55 Am. St. Rep. 142; Isear v. Daynes, 1 App. Div. 557, 37 N. Y. Supp. 474; New York Jobbing House v. Sterling F. Ins. Co. 54 Utah, 394, 182 Pac. 361.

When actions are consolidated they become parts of one suit. Good practice requires that the pleadings be reconstructed so that all the issues may clearly appear and be disposed of in the one judgment. Handley v. Sprinkle, 31 Mont. 57, 77 Pac. 296, 3 Ann. Cas. 531. If the pleadings are not reconstructed, they nevertheless require careful examination in order to determine the issues to be tried and the manner in which they are to be resolved. The complaint in the instant action, notwithstanding the consolidation with the action of Coan against the elevator company, tenders equitable issues. Had the complaint in this suit been filed by Coan as the party plaintiff, it would have been demurrable. Phillips v. Semingson, 25 N. D. 460, 142 N. W. 47, supra. Consolidation does not change the character of the actions consolidated. The issues presented in this action remain equitable in character notwithstanding the consolidation. Where equitable and legal causes are joined in one complaint, it is an old and familiar rule of practice that the equitable issues are first determined by the court (Cotton v. Butterfield, 14 N. D. 465, 105 N. W. 236), although as to such issues the court may of course take the verdict of a jury on the facts as advisory. The failure of the appellant to answer or to participate further in the trial did not relieve the plaintiff of the burden of showing that he was entitled to the judgment prayed for as against this defendant in the equity suit. Since the actions were erroneously consolidated, and since the proof requisite to sustain a judgment against this appellant, even if it be considered in default for want of answer, was not made, the judgment is necessarily erroneous. There has been no trial of the instant action. There is no basis in this record for the judgment, and it must be reversed. It is so ordered.

NUESSLE, Ch. J., and CHRISTIANSON, BURR and BURKE, JJ., concur.