[File No. 6272.]

STATE OF NORTH DAKOTA EX REL. FRANK COAN, for the Use and Benefit of said Frank Coan and All Others Similarly Situated, Respondent, v. PLAZA EQUITY ELEVATOR COMPANY, a Corporation, et al.,

and

HARTFORD ACCIDENT & INDEMNITY COMPANY, a Foreign Corporation, Appellant.

(261 N. W. 46.)

Opinion filed April 1, 1935. Rehearing denied June 17, 1935.

L. J. *Palda, Jr., C. E. Brace* and *Robert W. Palda,* for appellant.

*F. B. Lambert,* for respondent.

CHRISTIANSON, J. This is an action upon a warehouseman's bond. The defendant elevator company operates a grain elevator at Plaza in this state. It gave the required warehouseman's bond with the Hartford Accident & Indemnity Company as surety thereon. While this bond was in force Frank Coan, the use plaintiff, delivered certain grain at the defendant's elevator. Later he brought suit against the elevator company for conversion of such grain, and eventually obtained judgment against it. Coan v. Plaza Equity Elevator Co. 63 N. D. 426, 249 N. W. 104. The present suit was instituted while the conversion suit was pending. On the motion of Frank Coan as plaintiff in the action for conversion and as use plaintiff in the instant case, the court ordered the two actions consolidated. A trial was had, and judgments were rendered for plaintiff in both cases. Appeals were taken by both the Plaza Equity Elevator Company and the Hartford Accident & Indemnity Company with the result that this court affirmed

the judgment in the action for conversion (Coan v. Plaza Equity Elevator Co. 63 N. D. 426, 249 N. W. 104), but reversed the judgment rendered in the instant case on the ground that the trial court erred in ordering a consolidation of the actions (State ex rel. Coan v. Plaza Equity Elevator Co. 63 N. D. 557, 249 N. W. 108). After remand to the district court the instant case was tried and resulted in a judgment in favor of the plaintiff and the Hartford Accident & Indemnity Company appeals.

The first contention advanced by the appellant is that the complaint does not state facts sufficient to constitute a cause of action, i. e., that the complaint on its face shows that the action was brought prematurely.

The action for conversion was instituted in December, 1927 (60 N. D. 5, 232 N. W. 298). The instant action was commenced in December, 1930 (63 N. D. 557, 249 N. W. 108).

In the complaint in the instant case it is allged that the Plaza Equity Elevator Company owned, operated and managed an elevator and warehouse at Plaza, North Dakota, and was at that place engaged in the business of buying, selling, storing, shipping and handling grain for profit as a public warehouseman; that pursuant to law it furnished a bond in the sum of $15,000, executed by the defendant Hartford Accident &. Indemnity Company as surety; that such bond was executed August 28, 1923, and filed with the Board of Railroad Commissioners of North Dakota November 20, 1923; that such bond contained, among others, the following provision: "Now, therefore, if the said Plaza Equity Elevator Company shall faithfully discharge and perform its duties as such public warehouseman and comply with all the laws of the State of North Dakota relative thereto, and the rules and regulations adopted by the Board of Railroad Commissioners, or Supervisor of Grades, Weights, and Measures of said State in connection therewith, and shall pay for all grain purchased, and all sums for which said principal shall become liable to the holders of warehouse receipts, then this obligation to become null and void, otherwise to remain in full force and effect. Liability upon this undertaking commences on the 1st day of August, 1923, and terminates on the 31st day of July, 1925, unless sooner cancelled by order of the Board of

Railroad Commissioners, or Supervisor of Grades, Weights and Measures."

It is further alleged that during the month of November, 1924, Frank Coan deposited with the defendant elevator company at its elevator at Plaza, fifteen hundred bushels of rye, and sixty-seven bushels of wheat; that the then market price of rye was $1.11 per bushel and the then market price of wheat was $1.16 per bushel; that the defendant elevator company wholly failed to comply with the laws of North Dakota and neglected and refused to issue and deliver to said Coan a storage ticket for said grain or any part thereof; that in December, 1924, said Coan demanded and caused to be demanded a storage ticket for said grain and that such storage ticket was refused; and that thereupon he demanded a re-delivery of the grain or the market price of such grain at said time but that such demand was refused; that plaintiff is informed and believes that the defendant elevator company on or about December 10, 1924, sold and disposed of such grain and converted the sum to its own use; that thereafter negotiations of settlement were had and that said Coan waited until about May 15, 1925, when he again demanded the grain or the market price thereof which demands were refused; that the market price of rye at that time was $1.54 per bushel and the market price of wheat was $1.60 per bushel; that the plaintiff has been damaged by the acts and refusal on the part of the defendant in the sum of $2417.20 with interest at the rate of six per cent. per annum from and after May 15, 1925; that on or about December 1, 1927, said Coan commenced an action in the district court of Ward county against the Plaza Equity Elevator Company to establish the liability of the said defendant, Plaza Equity Elevator Company, for the value of the grain heretofore described; that said action is set for trial on December 20, 1930; that the defendant, Hartford Accident & Indemnity Company, may, if it so desires, come into court and participate in the said action on the merits.

It is further alleged that the Plaza Equity Elevator Company is engaged generally in the business of purchasing and storing grain and that neither the plaintiff nor the use plaintiff has any knowledge sufficient to allege the liability on said warehouseman's bond to any person, firm or corporation other than the said use plaintiff but that

this action is brought in equity for the use and benefit of all persons to whom the defendants may be liable on the bond. It is further alleged: "The action last above referred to will be pushed to judgment, and when and if a judgment is entered in favor of the said Frank Coan and against the Plaza Equity Elevator Company, a corporation, such judgment will be used as determining the liability of the defendants to the said Frank Coan, and as representing his share, and to be used in determining the division of any liability of the defendants in dividing it among the said Coan and others similarly situated."

The prayer is for judgment in favor of the use plaintiff for any and all sums which may be obtained by judgment against the defendant, Plaza Equity Elevator Company, in the action pending against it; and for judgment in favor of the plaintiff for any sum that may be shown to be due others situated similar to the said use plaintiff and for costs. The answer was in substance a general denial.

It is contended that this action was brought prematurely, that it purports to recover against the Hartford Accident & Indemnity Company the amount of whatever judgment may be obtained in the conversion action against the Plaza Equity Elevator Company; that consequently such action could not and would not lie until after judgment had been obtained.

The procedure adopted in this case is unusual. The allegations of the complaint disclose an intention that this case should not be tried until the conversion action had been tried and determined. But the complaint in this case nevertheless does set forth facts sufficient to constitute a cause of action, wholly aside from the allegations relating to the then pending action for conversion. In other words, if the allegations relating to the conversion action be disregarded and treated as surplusage, the remaining allegations of the complaint set forth facts which, if established, would warrant judgment in favor of the plaintiff and against both defendants. There are allegations in the complaint to the effect that the defendant elevator company owns and operates a public warehouse at Plaza, North Dakota, in which grain is purchased and stored under the laws of North Dakota relating to grain warehouses; that the defendant elevator company duly qualified by furnishing the required warehouseman's bond, which was executed by the Hartford Accident & Indemnity Company, as surety; that such

bond was in full force and effect when Frank Coan delivered to the defendant elevator company the grain in question here; that there was a breach by the defendant elevator company of its duty as a warehouseman, to secure the performance of which the bond was furnished. The complaint further alleges the quantity and the market value of the grain and, hence, shows the amount which the plaintiff was entitled to recover by virtue of the contract created by law as a result of the delivery of the grain. In short, there is set forth in the complaint facts sufficient to establish the liability, both of the defendant elevator company and the Hartford Accident and Indemnity Company on their respective contracts wholly without reference to any allegations in the complaint to the then pending action for conversion. Apparently the reference in the complaint to the action for conversion was merely to inform the Hartford Accident and Indemnity Company of the pendency of such action so that if it desired so to do it might participate in the trial thereof.

It is true the prayer for judgment does not state the specific amount demanded but merely asks for judgment in favor of the plaintiff (1) "for any and all sums which may be obtained by judgment against the defendant, Plaza Equity Elevator Company, in the action now pending in the district court of Ward County, North Dakota," and (2) for judgment "in favor of the plaintiff for any sum that may be shown to be due others situated similar to the said use plaintiff, Frank Coan," and (3) for "such other and further relief as the court may deem just, meet and proper under all circumstances in the case." This, however, does not render the complaint demurrable. The form of the prayer for judgment does not affect the sufficiency of the complaint. The sufficiency of the complaint is measured by the averments of fact and not by the prayer for relief. 49 C. J. 173 et seq.; 6 Standard Proc. pp. 716, 717; State Bank v. Nelson, 48 N. D. 702, 186 N. W. 766; Bekker v. White River Valley R. Co. 28 S. D. 84, 132 N. W. 797.

Corpus Juris (49 C. J. pp. 173–175) says: "The prayer for relief does not constitute a part of the statement of the cause of action, nor does it necessarily limit or narrow the issues presented by the preceding allegations, even though, under express statute, it is a part of the complaint, and, unless made so by statute, it is not even regarded as a part of the declaration, complaint, or petition. Under a statute pro-

viding that the petition must state the nature of the relief which plaintiff requests, it has been considered that the prayer is an essential part of plaintiff's petition and will determine the character of the order or decree which the court is called upon to render. It has also been said that the relief demanded is gauged by the prayer, which gives defendant such precise information as to the judgment demanded that he may be able to decide whether or not to defend. However, under modern codes, practice acts, and other statutes regulating practice, where the rule is that the facts set forth, rather than the relief demanded, determine the relief which shall be granted, the prayer is unimportant, at least where an answer is filed, unless there is some ambiguity in the statement of facts, so that if plaintiff is entitled to some relief under the facts which he has set forth he will be granted such relief, although he has prayed for relief to which he is not entitled, for more or less relief than he is entitled to, or for no relief whatever."

While the laws of North Dakota provide that the answer shall contain a demand of the relief to which plaintiff supposes himself entitled, and if a recovery of money is demanded, the amount thereof shall be stated (Comp. Laws 1913, § 7440), they also provide that "The relief granted to the plaintiff, if there is no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him relief consistent with the case made by the complaint and embraced within the issue." Comp. Laws 1913, § 7680.

Appellant next contends that there is no proper party plaintiff; that under the provisions of chapter 156, Laws 1927, suit may be brought on a grain warehouseman's bond only by the Board of Railroad Commissioners, as trustee, and that consequently the complaint fails to state a cause of action in favor of the plaintiff.

In our opinion this contention is without merit. Chapter 156, Laws 1927, relates only to insolvent grain warehousemen. That act was entitled: "An Act Defining Insolvent Grain Warehousemen; Authorizing the Board of Railroad Commissioners to Apply to the District Court for its Appointment as Trustee for the Benefit of Storage Receipt Holders of Such Warehousemen, and to Marshal the Trust Assets of Such Insolvent and Distribute the Same Among Such Receipt Holders." That act became operative March 7, 1927. The bond involved in this action

was not executed or furnished pursuant to the terms of chapter 156, Laws 1927. It was executed and furnished under the provisions of § 3111, Comp. Laws 1913. Plaintiff's cause of action against the grain warehouseman and the surety on the warehouseman's bond involved in this case came into being in December, 1924. Under the laws in force at the time the warehouseman's bond in question here was executed, and at the time the cause of action came into being, a suit in the name of the state for the benefit of all the owners of grain for whose benefit and protection the bond had been given might be maintained by a person having a claim protected by the bond. Phillips v. Semingson, 25 N. D. 460, 142 N. W. 47; Laws 1927, chap. 156, § 11. We are all agreed, therefore, that the trial court did not err in holding that the complaint in this case states a cause of action in favor of the plaintiff and against the defendant, Hartford Accident & Indemnity Company.

The remaining assignments relate to the admissibility in evidence, and the probative effect, of the judgment that was obtained by the plaintiff against the Plaza Equity Elevator Company. It is contended: (1) that the surety on a warehouseman's bond in no event is liable for the tort of the principal, and, hence, that a suit does not lie against the surety on such bond for liability resulting from conversion of grain by the principal; and (2) that in any event the liability of such surety cannot be established by a judgment rendered in a suit to which the surety was not a party.

It is true the liability of a surety on a grain warehouseman's bond is measured by the terms of the contract and such surety cannot be held liable as a co-defendant with the principal in an action for conversion, Hanson v. Menoken Farmers Co-op. Asso., 52 N. D. 126, 202 N. W. 135. But the liability of the surety is dependent on the facts and not on the form of action in which recovery is had against the principal. The law respects form less than substance. Comp. Laws 1913, § 7262. When the reason is the same the rule should be the same. Comp. Laws 1913, § 7245. If an action is brought against a grain warehouseman wherein it is charged that he has converted certain grain entrusted to him as such warehouseman and the facts alleged show a breach of his obligations as a warehouseman and the amount of recovery sought is precisely the same as that which could and would

be awarded in an action on the contract, then no good reason exists why such judgment should not have the same effect in a subsequent action against the surety as though it had been rendered in an action on the contract. If in such case judgment went in favor of the grain warehouseman it would be admissible as evidence in favor of either the principal or the surety in subsequent litigation wherein recovery was sought on the same basic facts.

It clearly appears from the pleadings in Coan v. Plaza Equity Elevator Co. and the evidence adduced in that case that recovery there was actually predicated on a breach of the contract of the warehouseman, to secure the performance of which the warehouseman's bond was furnished. In short, the facts alleged in the complaint in that case warranted recovery for breach of contract as well as for conversion. There was no claim for, and no basis for allowance of, damages in excess of that resulting from the breach of contract. The wrong upon which the claim for damages was predicated was in fact a breach of the contract. In the decision affirming the judgment in that case this court said: "The plaintiff's cause of action in the instant suit arises out of the alleged failure of the defendant to discharge its duties as a warehouseman. While this failure is charged in the complaint to constitute a conversion of the plaintiff's property, the facts relied upon to establish the conversion likewise establish a breach of duty for which the warehouseman's bondsman is liable under the following terms of the bond: 'Now, therefore, if the said Plaza Equity Elevator Company shall faithfully discharge and perform its duties as such public warehouseman and comply with all the laws of the State of North Dakota relative thereto and the rules and regulations adopted by the Board of Railroad Commissioners or Supervisor of Grades, Weights, and Measures of said state in connection therewith, and shall pay for all grain purchased, and all sums for which said principal shall become liable to the holders of warehouse receipts, then this obligation to become null and void, otherwise to remain in full force and effect.' "

It is next contended that the judgment against the Plaza Equity Elevator Company was in no event admissible against the Hartford Accident & Indemnity Company for the reason that the latter company was not a party to the action in which it was rendered. The question of the purpose for which, and how far, a judgment against the principal

is evidenced against the surety is one concerning which there is an irreconcilable conflict in the decisions. This is peculiarly true as regards a judgment against the principal in cases where there is no agreement on the part of the surety to be bound by such judgment. Generally speaking the authorities divide themselves into three groups: "(1) In some jurisdictions it is held that ordinarily a judgment against the principal is not admissible against the surety in the absence of an agreement to be liable for judgments. (2) In other jurisdictions, in the absence of fraud or collusion, judgments against the principal are admissible as prima facie evidence against the surety as to matters determined therein. (3) And in some jurisdictions such judgments are not only admissible but also conclusive." 4 Jones, Commentaries on Ev. 2d ed. pp. 3375 et seq. (§ 1820); 21 R. C. L. p. 1088; 50 C. J. 196 et seq.

·After examining with care numerous decisions in which the question has been discussed and decided we think the great weight of authority and the better reasons sustains the rule that the judgment against the principal is admissible as evidence against the surety; and without deciding how far or upon what points the judgment is conclusive we hold that the same is at least presumptive and prima facie evidence of the right of the plaintiff to recover, and of the amount of such recovery, when, as in this case, the execution of the bond is proven and the record shows that the surety had notice of the action against the principal and that the recovery was for acts or omissions the proof of which would show a breach of some condition of the bond. In this case the surety was given notice of the pending action against its principal, the Plaza Equity Elevator Company. It was informed that Coan had instituted action against the Plaza Equity Elevator Company and that he sought to recover judgment against it for the value of certain grain which Coan had delivered to the elevator and which he claimed the elevator company had converted in violation of the obligations which it owed to Coan. In short, it was informed that Coan sought to recover judgment against the Plaza Equity Elevator Company because that company had breached its obligations as a grain warehouseman,—obligations the performance of which were secured by the bond executed by the appellant as surety. 63 N. D. 426, 429, 430, 249 N. W. 104; 63 N. D. 557, 561 et seq., 249 N. W. 108.

The facts stated in the complaint in Coan v. Plaza Equity Elevator Company were also stated in the complaint in the instant case. The complaint in this case alleged the delivery by Coan to the elevator company of precisely the same kind and quantity of grain. It also alleged, in substantially the same language, the same acts and the same fundamental breach of obligation and the same resulting loss or damage. The instructions and the evidence in Coan v. Plaza Equity Elevator Co. show that the trial court in that case submitted to the jury the question as to the value of the grain on December 10, 1924, and made that the basis of the recovery; and the verdict in that case could not have been returned for an amount in excess of that which Coan was entitled to receive from the Plaza Equity Elevator Company for the market value of the grain at Plaza on that day.

We are all agreed that in the circumstances shown in this case the judgment rendered in favor of Coan and against the Plaza Equity Elevator Company was admissible in evidence in this case and constituted at least presumptive and prima facie evidence of the facts in issue, both as to the alleged breach by the Plaza Equity Elevator Company of its obligation as a grain warehouseman and the amount of loss or injury that had resulted from such breach, that is, the loss or injury that had resulted to Coan from the failure of the elevator company to deliver the grain or pay for it in accordance with its contract. 4 Jones, Commentaries on Ev. 2d Ed. pp. 3375 et seq. (§ 1820); 21 R. C. L. p. 1088; 50 C. J. 196 et seq.; Farmers' Elevator Co. v. United States Fidelity & G. Co. 41 S. D. 614, 172 N. W. 519; Topeka v. Ritchie, 102 Kan. 384, 170 P. 1003; McPharlin v. Fidelity & D. Co. 162 Mich. 141, 127 N. W. 307; Baxter County Bank v. Ozark Ins. Co. 98 Ark. 143, 135 S. W. 819; Beauchaine v. McKinnon, 55 Minn. 318, 56 N. W. 1065, 43 Am. St. Rep. 506; Stephens v. Shafer, 48 Wis. 54, 3 N. W. 835, 33 Am. Rep. 793; Larson v. Deering, 97 Wash. 616, 166 P. 1119; Sommers v. National Surety Co. 229 Mich. 422, 201 N. W. 443. See also First Presby. Church v. United States Fidelity & G. Co. 133 Minn. 429, 158 N. W. 709.

The execution and delivery of the warehouseman's bond was established by evidence that is not in dispute. The defendants adduced no evidence that in any manner contradicted or sought to overcome the prima facie effect of the judgment that had been rendered in favor of

Coan and against the Plaza Equity Elevator Company. The plaintiff adduced evidence to establish the liability of the elevator company to Coan. The plaintiff also adduced evidence tending to establish the amount of the judgment that should be rendered in favor of the use plaintiff against the Hartford Accident and Indemnity Company as surety on the warehouseman's bond within the principle of Phillips v. Semingson, 25 N. D. 460, 142 N. W. 47. "That is to say there was evidence to negative liability to others" and hence "to show that the penalty of the bond was adequate to pay all claims." State ex rel. Coan v. Plaza Equity Elevator Co. 63 N. D. 557, 564, 249 N. W. 108, 110.

The judgment appealed from is affirmed.

BURKE, Ch. J., and BURR and NUESSLE, JJ., concur.

MORRIS, J., did not participate.