[File No. 6603.]

MARY GRAN, Respondent, v. CARRIE GRAN, Appellant.

(290 N. W. 241.)

Opinion filed February 2, 1940.

*E. R. Sinkler* and *G. O. Brekke,* for appellant.

*B. H. Bradford,* for respondent.

NUESSLE, Ch. J. This action was begun in justice court pursuant to the provisions of § 9069, Comp. Laws 1913, to recover possession of certain premises in Minot.

Plaintiff, in her complaint, alleges that she is the owner of the premises in question; that the defendant and her husband, Clarence M. Gran, were tenants thereof at will; that the tenancy has been terminated and Clarence Gran has surrendered possession, but that the defendant refuses to do so; that the defendant was served with notice to quit but fails and refuses to quit and surrender the premises and continues in possession thereof; and plaintiff prays judgment for such possession. The defendant in her answer denies generally all of the matters and things set out and contained in the complaint "except as hereinafter admitted, modified, or explained," and further alleges that Clarence Gran is the son of the plaintiff; that Clarence Gran and the defendant now are and since November, 1917, have been husband and wife; that in 1927 the plaintiff was the owner of the premises in question and at that time caused a dwelling house to be erected thereon; that upon the completion of such dwelling house the plaintiff verbally gave the premises to the defendant and her husband; that they accepted the gift in good faith and went into possession and have continued to occupy the premises at all times since; that because of said gift and in reliance thereon, the defendant and her husband made repairs and improvements worth and of the value of $800; that by reason of these facts she and her husband are the owners of the premises; and she prays judgment that the action be dismissed and that she and her husband be adjudged to be the owners of the premises.

It appearing to the justice of the peace that a question of title to real estate was raised by the pleadings the trial was discontinued and the case was certified to the district court pursuant to the provisions of the statute, § 9055, Comp. Laws 1913. There it was set down as a jury case and came on for trial and was tried as such without objection by either party.

From the record it appears that the plaintiff's husband owned the premises in question. In 1927 a house was built thereon. He was a railroad man and, due to his employment, was much away from home so plaintiff attended to many of his business affairs. She arranged for and supervised the erection of this house. In 1929 her husband died and in 1930 she took legal title to the property through the decree of distribution of his estate. Clarence Gran is the plaintiff's son. He and the defendant are intermarried. When the house above referred to was fit for habitation, defendant and her husband moved into it and have occupied it continuously since that time. They paid no rent and there was no agreement that they should pay rent, nor were they ever asked to pay. Taxes and insurance were paid by the plaintiff or her husband. However, defendant testifies that the taxes were to be paid by her husband.

There is a conflict in the evidence as to what took place at the time the defendant and her husband went into possession of the premises. Defendant's testimony is that the plaintiff verbally gave her and her husband the property and that they accepted the gift in good faith, and, because of it, went into possession of and have continued to occupy the same at all times since; that because of this gift, and in reliance thereon, she and her husband made repairs and improvements. She testifies that the statement as to the gift was made at intervals many times during the period of occupancy both before and after the death of plaintiff's husband. The defendant's son also testified that the plaintiff, his grandmother, many times prior to 1938, told him that the house belonged to his father, his mother the defendant, and himself. On the other hand, plaintiff denies that there was any gift or promise to give. With reference to the matter of repairs and improvements, the evidence tends to show, and the court found, that repairs and improvements to the property were made by defendant and her husband and were worth and of the value of $800. The court further found that the rental value of the premises during the period of occupancy was from $35 to $50 per month. It further appears that the defendant and her husband have separated and are now living apart and defendant testifies that no question was ever raised as to the ownership of the premises or as to the right of the defendant to occupy the same until after this separation.

The case was tried to a jury. After both sides had rested plaintiff moved that the jury be directed to return a verdict for her on the ground that the case turned upon the question as to whether or not title had passed to the defendant and her husband by parol gift; that the evidence was insufficient to establish such a gift; that this question was properly triable to the court, and since it was determinative of the case the jury were, in any event, sitting only in an advisory capacity. The motion was resisted, was denied, and the case was submitted to the jury. Thereafter, before the jury had agreed upon a verdict, they were called in by the court and advised that the question of title was determinative and since this was a question for the court they should return a verdict for the plaintiff as in the court's judgment the defendant had not established such a gift as to pass title to her and her husband. This was done in the absence of the defendant and without notice to her or her counsel. In accordance with this direction the jury returned a verdict for the plaintiff "for the possession of the property involved in the action." The court then made its findings of fact and conclusions of law favorable to the plaintiff and judgment was ordered and entered for her. Thereupon the defendant perfected the instant appeal from such judgment.

The defendant on this appeal contends, among other things, that the case was tried as a jury case; that no question was raised as to its being other than triable to a jury until after both sides had rested; that the court then ruled it was a jury case and submitted it as such; that the court erred in thereafter holding that the determinative issue was one for the court and in directing a verdict for the plaintiff; that, in any event, there was error in making this ruling and giving this direction to the jury in the absence of the defendant and her counsel, and without notice to either of them.

The questions as to whether parol gifts of real property may be made and the requirements as to the proofs to establish the same, have heretofore been considered by this court. See Heuer v. Heuer, 64 N. D. 497, 253 N. W. 856; see also Heuer v. Kruse, 67 N. D. 552, 274 N. W. 863. In the case of Heuer v. Heuer, we held that where in reliance upon a parol gift of real property the donee takes possession and makes improvements so it would work a substantial injustice to hold the gift void, the gift is good and the statute of frauds cannot be invoked to

defeat it. And, in such a case, where a claim to land is asserted by the donee, he is not required to prove the facts essential beyond a reasonable doubt but it is sufficient if the evidence establishes the gift with reasonable certainty.

When in the instant case the defendant in her answer not only denied all of the allegations of the plaintiff's complaint but also set up ownership in herself under an executed parol gift from the plaintiff and prayed that she and her husband be adjudged the owners of the premises, she not only put in issue the allegations of the complaint but also laid the foundation and asked for affirmative relief and,. in that behalf, invoked the exercise of the equitable powers of the court. The proper procedure in such case was to first try the equitable issue, and if the determination of that issue were not decisive of the case then to submit the other issues to the jury. See Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Cotton v. Butterfield, 14 N. D. 465, 105 N. W. 236; State v. Wallace, 49 N. D. 1076, 194 N. W. 710; State ex rel. Coan v. Plaza Equity Elevator Co. 63 N. D. 557, 249 N. W. 108. Or the court might, if he wished to do so, require the jury to return an advisory verdict on the equitable issue. See Peckham v. Van Bergen, 8 N. D. 595, 80 N. W. 760; Emery v. First Nat. Bank, 32 N. D. 575, 156 N. W. 105. Neither of these courses was followed, and the case, without comment and with the assent of the court and of both parties, was tried in all respects as a jury case. The point that there were equitable issues to be determined was first raised when after both sides had rested plaintiff moved for a directed verdict. This motion was resisted and the court denied it. The whole matter was then submitted to the jury. There was no suggestion that the jury's verdict in whole or in part was to be advisory only. Accordingly, there was a complete change of the theory of the trial when thereafter the court, of its own motion, recalled the jury, advised them that the determinative issue was for the court and that therefore they should return a verdict for the plaintiff. This action was taken without notice to the defendant or her counsel and in their absence. As to whether it would have been proper had the defendant been present or notified when this was done, we need not here determine. Under all the circumstances we think that the court erred in thus disposing of the case. There was a conflict in the evidence as to whether or not there was a gift by the

plaintiff to the defendant and her husband, and if the jury had returned an advisory verdict on this issue, its finding would have been entitled to great weight. See Emery v. First Nat. Bank, supra.

The judgment is reversed and a new trial ordered.

BURKE, MORRIS, CHRISTIANSON, and BURR, JJ., concur.