WILLIAM H. STEVENS v. WILLIAM E. PENDLETON AND WILLIAM D. MORTON.

[See 83 Mich. 342; 85 Id. 137.]

*Burden of proof—Instructions to jury—Requests to charge—Evidence—Bill of particulars—Error without prejudice.*

1. Jurors generally understand that the burden of proof is upon the plaintiff in all cases, and it is reversible error to refuse to

instruct them, in a case involving that question, when, and under what circumstances, the burden shifts to the defendant.

2. While a party is ordinarily entitled to have his proper requests to charge given as proposed by him, or nearly so, yet, if they are substantially given in the general charge, even though in somewhat different language, error cannot be properly claimed.

3. The admission in evidence of plaintiff's bill of particulars, against his objection, is held to have been non-prejudicial error, if error at all, the Court failing to see how such admission could have influenced the jury against the plaintiff, and the defendants having the right to read and comment upon the bill of particulars to the jury, or in their presence, even though not in evidence.

Error to Wayne. (Hosmer, J.) Submitted on briefs October 26, 1892. Decided December 24, 1892.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion, and in 83 Mich. 342.

*Barbour & Rexford,* for appellant.

*Dickinson, Thurber & Stevenson,* for defendant Morton.

DURAND, J. This case has been in this Court once before, and the facts are so fully reported in *Stevens v. Pendleton,* 83 Mich. 342, that it is not necessary to do more than to state that on December 21, 1886, the plaintiff and the defendant Pendleton entered into an agreement that, after the completion of certain hotel buildings, the plaintiff was to lease the same to Pendleton for 10 years at a certain rental, which was to be paid quarterly, on the *first* day of each quarter. The defendant Morton became surety that the defendant Pendleton would pay the rent as agreed upon. Afterwards, and on May 1, 1887, a lease was entered into between the plaintiff and the defendant Pendleton; but instead of the rent being made payable in the lease on the *first* day of each quarter, as was stipulated and agreed upon in the contract first referred to, it was made payable on the *last* day of each quarter. After this suit was begun,

the plaintiff, who claims there was a mistake in the lease in that particular, filed a bill in chancery against the defendant Pendleton to have the lease reformed so as to have it read that the payments of rent were to be made, as expressed in the original agreement, on the *first*, instead of the *last*, day of each quarter, and a *pro confesso* decree to that effect was duly made. The defendant Morton was not made a party to that proceeding, nor did he have anything to do with the making of the lease which was thus reformed.

Upon the first trial, which was reviewed as above stated, the circuit judge held that the surety was discharged, and directed the jury to find a verdict for the defendants, which action was affirmed here; but, upon a more careful examination of the scope of the testimony, this Court became satisfied that the question of whether the change in the time of payment of rent was agreed upon between the plaintiff and defendant Pendleton, or was the result of a mistake, should have been submitted to the jury, and upon a rehearing of the case, which is reported in *Stevens v. Pendleton*, 85 Mich. 137, it was so ruled, and the case was remanded for a new trial, which has resulted in a verdict and judgment in favor of the plaintiff as against the defendant Pendleton, and of no cause of action as against the defendant Morton.

The plaintiff claims error, and insists that the chancery decree, reforming the lease so as to make it correspond with the original agreement in respect to the time when payments of rent should be made, is binding upon the defendant Morton, although he was not made a party to that suit, and that he is not entitled to show in this suit that the change was the result of an agreement, instead of a mistake. The same principle was contended for on the first argument, but this Court then held that, as between the parties to the chancery suit, the decree is conclusive.

that the change as to the time of the payment of rent was made by mistake, but that the same rule does not apply to the surety, who, if made a party, could have shown in the chancery suit, and may show in the suit of law, that the change was intentionally made, and he thereby discharged from liability. Upon the rehearing, it was again held that the proceedings to reform the lease were not conclusive as against the defendant Morton; and the case was remanded, so that the contention in reference to whether the change in the lease was made by mistake, or intentionally, could be submitted to the determination of a jury. We see no reason to change the rule as laid down. The plaintiff cannot be heard to say that, because of a litigation between himself and the defendant Pendleton, he can conclusively bind the defendant Morton, who was not a party to that suit, and had no opportunity to be heard in it, and thereby preclude him from his day in court to contest that or any other fact in regard to his liability as a surety upon the agreement signed by him.

Upon the last trial of this case, evidence was introduced by both parties upon the subject in controversy, some of which tended to show that the change was the result of a mistake, and some of which tended to show that it was not, but that, on the contrary, it was agreed upon between the plaintiff and the defendant Pendleton. That some of the testimony is peculiar or unsatisfactory may be true, but that is a subject to be addressed to and considered by the jury, who are the sole judges of the weight to be given to the testimony, and over which this Court has no control.

The verdict of the jury upon a simple question of fact will not be disturbed by a court of review where there is some evidence upon which the jury can base their finding, even though that evidence may not satisfy the reviewing court of the justice of the verdict.

Upon the trial, objection was made by plaintiff's counsel to the introduction of plaintiff's bill of particulars in evidence, but which was permitted, notwithstanding the objection. We have examined the bill of particulars, and we cannot discover how or in what way its introduction in evidence could in any manner have influenced the jury against the plaintiff; and inasmuch as the defendants' counsel had the right to read and comment upon it to the jury, or in their presence, we are satisfied that, if the admission of it in evidence was error, it was error without prejudice.

Plaintiff's counsel also objected to certain questions propounded to plaintiff's witness Woodruff on his cross-examination, in reference to the time when rent was first collected under the lease, and also in relation to what he had sworn to on the first trial. Objection was also made to certain questions put to defendants' witness Pendleton, in reference to what the agreement was at the time the lease was executed as to when the rent was to be payable, and also in reference to when rent was first demanded. We think the admission of this testimony was proper. It was all germane to the subject in controversy, and the answers might have tended to throw more light upon the transaction than could have been obtained in any other way.

Neither do we think there is error of which the plaintiff can complain in the charge to the jury, except in the matter referred to later on. While a party is ordinarily entitled to have his proper requests given as proposed by him, or nearly so, yet, if they are substantially given in the general charge, even though in somewhat different language, error cannot be properly claimed; and, with the exception referred to, we think the charge to the jury was quite as favorable to the plaintiff as he had a right to claim. The court charged that the chancery decree was conclusive upon the defendant Pendleton, and that the

plaintiff was entitled to recover as against him, at all events. As to the defendant Morton, the court charged the jury as follows:

"So far as Mr. Morton is concerned, the question for your determination in this case is whether there was a change in the terms of the lease, for which he had perhaps already become surety. If you find in this case that, at the time of the execution of this lease in question, the terms were known to both parties, and were what both parties intended at that time, then your verdict would be for defendant Morton; but if you find that it was contemplated to be executed with reference to the preliminary agreement, and both parties in fact supposed it corresponded at that time to the terms of the preliminary agreement, or if you find that, under a mistake of fact on the part of Capt. Stevens, he supposed at that time that it did in fact correspond to the terms, and that the first of the quarter had been inserted in the lease for the payment of the rent instead of the last of the quarter, why then, and in that case, there would be that mistake of fact which would authorize a court of equity to reform the lease; and your verdict, in that case, would be for the plaintiff, as against both defendants."

The charge upon the points raised was as favorable as the plaintiff was entitled to, and the fact that he was permitted to have a verdict as against the defendant Pendleton is not a matter of which the plaintiff can complain; and the defendant Pendleton, who is the only one entitled to raise that question, does not complain.

The circuit judge was, however, in error in this: The court was requested to instruct the jury that the plaintiff had proved a *prima facie* case against defendant Morton in respect of the change of the date of payment in the lease, and that the burden of proof was upon him to show that Pendleton and Stevens mutually intended to make the rent payable on the last, instead of the first, day of the quarter. The court refused this request, and in his oral charge said nothing whatever as to the burden of proof. Jurors generally understand that the burden of proof is

upon the. plaintiff in all cases, and it is certainly of importance, generally, that they be instructed when, and under what circumstances, the burden shifts to the defendant.

For this error the judgment is reversed, with costs, and a new trial granted.

The other Justices concurred.