McPHARLIN *v.* FIDELITY & DEPOSIT CO. OF MARYLAND.

1. Judgment—Principal and Surety—New Trial—Effect on Judgment against Joint Defendants.
   Granting a new trial to a surety, against whom a judgment was rendered jointly with the principal on an indemnity bond creating a joint and several liability, vacates the prior judgment only as to the surety.

2. Same—Indemnity Bond—Evidence.
   As against the surety, such judgment against the principal is admissible in evidence on the new trial as *prima facie* proof of liability.

3. Same—Bar—Satisfaction.
   An unsatisfied judgment against the principal of a joint and several obligation is not a bar to recovery against the surety.

4. Principal and Surety—Notice of Default—Delay.
   Notice of the principal's default, given promptly to the general agents of the surety corporation for whom they signed as attorneys, and subsequently acted as agents, complies with the requirement of notice.

5. Same—Delay in Instituting Suit—Waiver.
   Although a delay of more than the period limited in the bond for instituting action took place, it was waived by the vice president of the company notifying plaintiff after the expiration of that period, to complete the building which the principal failed to construct.

Error to Wayne; Rohnert, J.   Submitted April 14, 1910.   ( Docket No. 116.)   Decided July 14, 1910.

Assumpsit by William H. J. McPharlin and another against William H. Hibbler, principal, and the Fidelity & Deposit Company of Maryland, surety, upon a building contractor's bond.   A judgment for plaintiff on a verdict directed by the court is reviewed by defendant surety on writ of error.   Affirmed.

*Brennan, Donnelly & Van De Mark,* for appellant.

*Devine & Snyder,* for appellees.

McAlvay, J. This was a suit brought against defendants upon an indemnity bond given by William H. Hibbler as principal, and defendant company as surety, to recover damages by reason of the failure of defendant Hibbler to build and complete according to contract a certain house for $3,795; such bond having been given by defendant company to guarantee the faithful performance of such contract. On the first trial plaintiffs recovered a judgment for $1,362.04. A motion for a new trial was made on the part of defendant company upon the grounds, among others:

"That the bond sued upon provided that suit must be commenced within six months from the date of the first breach, and that the suit was not so commenced; that plaintiffs relied upon a waiver made by the local agents of the company; that no evidence was offered showing that the local agents had any authority to waive this provision of the bond; and that they could not be presumed to have such authority."

The above quotation is taken from plaintiffs' brief. It is not contradicted by defendant, although this brief was filed about 30 days before appellant filed either of its briefs. Upon this motion the court granted a new trial to the defendant surety company. This new trial was had, and resulted in a verdict instructed for plaintiffs, for the amount of the judgment recovered on the former trial, which the record shows then stood against Hibbler unsatisfied. Defendant Hibbler took no part in the motion for a new trial or in the trial which followed. The cause, after a judgment duly entered upon the directed verdict, has been removed to this court for review upon writ of error.

Appellant contends that the judgment should be set aside for the reason that the court erred:

(1) In admitting the judgment recovered upon the first trial in evidence against defendant upon this trial.

(2) In refusing to hold that defendant surety company was discharged from liability, because of failure of plaintiffs to notify it of Hibbler's default, as required by the terms of the bond; and also because suit was not instituted within six months after the first breach of the contract.

The bond upon which recovery was sought was a joint and several bond. The undertaking of defendant company, the surety, was the faithful performance of the contract by Hibbler, the principal. Appellant urges under its first assignment of error that granting its motion for a new trial vacated and set aside the entire judgment in the case. The declaration in the case contained two counts, one of which counted upon the bond, claiming a joint and several liability, and the other contained the common counts, under which appellant urges the liability was joint, and it is claimed that the recovery obtained on the first trial, as far as the present record shows, could have been under either count.

It is true that this record does not give the testimony given on that trial, the motion for a new trial by appellant, or the reasons of the trial judge in granting it. This question that anything other than the matter of the default of Hibbler on his contract, and the liability of appellant as surety upon this bond, was litigated on the first trial, as far as we are able to discover from the case before us, appears for the first time in appellant's brief. We find that counsel for appellant, who was present and participated on both trials, appears to have held a contrary opinion from that expressed in the brief. The record returned to this court shows that the order made upon granting appellant's motion for a new trial was "for a new trial for defendant the Fidelity & Deposit Company." This was also the statement made by appellant's counsel upon this trial. No claim is made in the record that such was not the fact. The record shows that upon this status of the defendants, accepted by appellant, its counsel moved for an instructed verdict, after the opening

statement by plaintiffs' counsel, in the following language:

"It appears from the opening statement of counsel that this case was tried upon a bond, and that a verdict was had against both defendants. As to one of those defendants, the judgment was practically set aside by an order for a new trial. I submit that judgment is still valid as against the other defendant, * * * and it stands as a valid judgment against the defendant Hibbler. * * * "

Again, at the close of plaintiffs' case, appellant, having no testimony to introduce, moved for a directed verdict because—

"There has been no proof adduced that the judgment against Hibbler has not been satisfied. They cannot recover a judgment against the surety if the judgment against the principal has been satisfied."

This last motion was made after the court had admitted the judgment against Hibbler in evidence, which is the principal error claimed to have been committed upon which appellant relies. The record shows that when the Hibbler judgment was first offered appellant's counsel objected, saying:

"This is a new trial. I do not propose to be foreclosed by any testimony in the former trial."

The judgment entry was admitted but not read in evidence. No exception was taken. The record shows that later the judgment was offered in evidence—

"To which offer objection was made by the defendant on the ground that in that case a joint verdict was rendered upon which judgment was entered. Upon application of the defendant, Fidelity Company, a new trial was granted to it."

This objection was overruled, and the judgment admitted as *prima facie* evidence of the amount of damages, and an exception was taken. This is all that appears in this record relative to the judgment against Hibbler and its introduction in evidence. It appeared upon proof in

the case that the judgment against Hibbler was unsatisfied.

It cannot be said from this record that at any time during the trial did appellant question a valid and subsisting judgment in the case against defendant Hibbler. The theory of appellant was, not that granting it a new trial vacated the judgment against Hibbler, nor was the introduction of the judgment objected to on that ground, but under the theory that, having been granted a new trial, it was entitled to have all of the testimony necessary to establish a case against Hibbler, the principal in the surety bond, presented anew in this case. The issue upon the two trials was identical, as appears from this record and the admissions of appellant contained in it. The case was tried upon the first count of the declaration.

Under the circumstances of this case, in an action upon a bond where the liability is joint and several, brought against both defendants, and a judgment rendered against both, must the court hold as a matter of law that granting a new trial to the surety, where the default of the principal is not questioned, operates to vacate the judgment against the principal?

It seems clear that plaintiffs at any time might have discontinued as to the surety and recovered against the principal. The court might have instructed the jury to find for defendant surety, provided the evidence so warranted, and allowed a recovery against the principal, and in either case in a later suit against the surety the judgment against the principal would have been admissible. An unsatisfied judgment against the principal of a joint and several obligation is not a bar to recovery against a surety. 2 Black on Judgments (2d Ed.), § 774; 1 Freeman on Judgments (4th Ed.), § 234. The general rule is that a judgment against a principal is *prima facie* evidence against the surety with notice of the proceeding. *Norris* v. *Mersereau,* 74 Mich. 690 (42 N. W. 153), and cases cited; *Moses* v. *U. S.,* 166 U. S. 571 (17 Sup. Ct.

682); *United States Fidelity & Guaranty Co.* v. *Haggart,* 163 Fed. 801, 91 C. C. A. 289, and cases cited.

What different relations existed between these parties than in case of a judgment against a principal introduced as *prima facie* evidence against a surety in a separate proceeding ?

The case is unique, in that judgment against the principal was rendered on a former trial of the identical case. Appellant cannot complain. It has made the situation possible, and had notice of the proceeding and participated in the trial in which the judgment was rendered against Hibbler. It secured for itself a new trial, and now objects that the Hibbler judgment is of any force against it. Its liability is no greater or less than if two suits had been instituted, or the judgment first rendered in the case against both had not been disturbed. Our conclusion is that the court was not in error in admitting the judgment against Hibbler, as *prima facie* evidence against the surety upon this trial.

The remaining error discussed relates to the claim that appellant was discharged from liability, because of the failure of plaintiffs to notify it at once of Hibbler's first default, and because suit was not brought within six months after the first breach of the contract.

The uncontradicted proof in the case shows that notice of Hibbler's default was promptly given to the general agents of appellant, who, from the time of seeing the bond, acted for defendant company; one of the firm signing the bond for it as attorney. In fact, they were actively engaged with the plaintiffs in all that occurred after Hibbler's default. *Crystal Ice Co.* v. *United Surety Co.,* 159 Mich. 102 (123 N. W. 619).

It also appears that through these agents, and from plaintiffs' letters relative to Hibbler's default sent direct to appellant, no claim was made that notice had not been properly given. To digest this evidence would be of no benefit. As to the delay in bringing suit within six months, the record shows the negotiations in regard to the

matter of the Hibbler bond were pending for some time, and that more than six months after the first notice given appellant instructions were given by its vice president to plaintiffs to complete the building at the least possible expense, thereby recognizing its liability and waiving any forfeitures by plaintiffs if any had occurred.

The evidence presented by this record justified the court in directing a verdict for plaintiffs.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.