## SOMMERS v. NATIONAL SURETY CO.

1. PRINCIPAL AND SURETY—EVIDENCE—ADMISSIBILITY OF JUDGMENT AGAINST PRINCIPAL.

> In an action on a statutory bond given by a road contractor for the protection of laborers and materialmen for gravel furnished by plaintiff for use in the construction of a public highway, evidence of a judgment against the

On effect against surety on official bond, of judgment against officer, see note in 52 L. R. A. 170; 40 L. R. A. (N. S.) 698.

contractor for said gravel and testimony by plaintiff's attorney that said judgment was based on a stipulation that the amount of gravel shown by gravel slips issued at the pit was correct, *held*, properly admitted.[1]

2. SAME—LIABILITY OF SURETY FOR MATERIAL DELIVERED AFTER EXPIRATION DATE OF CONTRACT.

Defendant's objection that it is not liable for gravel furnished the contractor after the date set in the contract for its completion is without merit, in view of the fact that its bond contained an express agreement on its part to an extension of the time to the principal without notice to the surety; an extension of time being presumed where the contractor was allowed to continue the work after expiration date.[2]

Error to Saginaw; Browne (Clarence M.), J. Submitted December 2, 1924. (Docket No. 59.) Decided December 31, 1924.

Assumpsit by George Sommers against the National Surety Company on a statutory bond. Judgment for plaintiff. Defendant brings error. Affirmed.

*Naegely & Pierson,* for appellant.

*Chandler & Friegel (O'Keefe & O'Keefe,* of counsel), for appellee.

SHARPE, J. On July 31, 1919, defendant executed two bonds as surety for William J. and S. M. Bacon, conditioned for the faithful performance of a contract they had entered into with the board of county road commissioners of the county of Saginaw, for the construction of a certain highway known as assessment district road No. 11 in that county. Plaintiff owned a gravel pit and sold gravel therefrom to the Bacons for constructing the road at $1.40 per square yard. They did not pay him, and he sued them and recovered a judgment therefor in the sum of $3,135.

---

[1]Principal and Surety, 32 Cyc. p. 136; [2]Id., 32 Cyc. pp. 118, 134.

In this action plaintiff seeks to recover from the surety company the amount due him for the gravel furnished the Bacons and used by them in the performance of their contract. Defendant moved for a directed verdict, for the reason that there was no competent evidence from which the jury might determine how much, if any, gravel plaintiff furnished the Bacons which went into the construction of the road. This motion was overruled. The jury found for plaintiff in the sum of $3,265.85. Defendant reviews the judgment entered thereon by writ of error.

1. The judgment in the suit brought by plaintiff against the Bacons was admitted in evidence, as were also the files in that case. The bill of particulars claimed for gravel taken from May to November, 1920, at the contract price, amounting to $3,285. Other items increased this amount to $4,634. Before the trial of that suit, a conference was had between Mr. Chandler, one of plaintiff's attorneys, and the Bacons and one of their attorneys. Mr. Chandler then produced the slips showing the amounts of gravel which had been taken from the pit, which had been furnished plaintiff by the "pit bosses" in the employ of the Bacons. These included the items above referred to, amounting to $3,285. After checking them over, an agreement was reached, resulting in a stipulation signed by the attorneys for both parties that a judgment might be entered in favor of plaintiff for $3,135, and it was afterwards so entered. Objection was made to this evidence and to the testimony of Mr. Chandler as to the amounts shown by these slips—

"Because it was not shown that anything which was said or done at that conference related in any way to any material which was used by Bacon Brothers in connection with the performance of the contract involved in this suit."

There can be no question under the proofs but that

the suit brought against the Bacons was for gravel furnished them for use in the construction of the highway mentioned in the contract and bond.    While the direct question was not asked, there is nothing to indicate that the Bacons were using gravel in the construction of any other road.    Plaintiff testified positively that the gravel furnished was for assessment road district No. 11.    He was asked:

"*Q.* This gravel you have charged them with, it all went into the road referred to here?
"*A.* Yes."

He admitted, however, that he did not go with every load taken to see where it was delivered.    One of his sons worked in the pit, and also hauled some of the gravel.    He was asked:

"*Q.* Was any of this gravel which was taken out of this pit hauled on any other road district to your knowledge?"

and answered, "No."    He testified that the "pit bosses" set down the amount of the gravel taken out each day on slips and delivered them to his father each night.    These were the slips produced by Mr. Chandler at the conference and thereafter destroyed.

We think the judgment and the testimony of Mr. Chandler were admissible and that a *prima facie* case for the plaintiff was made as to the amount of gravel furnished by plaintiff to the Bacons and that it was used in the construction of the highway mentioned and described in the contract and bonds.

In 22 C. J. p. 405 it is said:

"In cases of suretyship, an admission of the principal, when made in good faith, in connection with the obligation or duties to which the suretyship relates, is competent against the surety."

As to the admission of the judgment, see *Norris* v. *Mersereau,* 74 Mich. 687 ; *Moses* v. *United States,* 166

U. S. 571 (17 Sup. Ct. 682) ; and note in 52 L. R. A. 170.

2. The contract provided for the completion of the work on or before July 30, 1920. Defendant contends that no recovery may be had against it for gravel furnished after that date. Defendant's bond on which its liability to persons furnishing material rested contained an express agreement on its part to an extension of time to the principal without notice to the surety. As the contractor was allowed to continue the work after the time for performance had expired, it will be presumed that an extension was granted by the county road commissioners.

The judgment is affirmed.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.