P. R. POST CORPORATION v MARYLAND CASUALTY COMPANY

1. ARBITRATION AND AWARD—EFFECT OF ARBITRATION AWARD—CONTRACT TERMS.

It has long been the policy of the State of Michigan to encourage the settling of disputes through arbitration rather than through resort to the courts, and the award of an arbitrator is equivalent to the judgment of a court where a dispute is submitted to arbitration pursuant to the terms of a contract between the parties.

2. ARBITRATION AND AWARD—PRINCIPAL AND SURETY—CONSTRUCTION CONTRACTS—THIRD-PARTY CONSTRUCTION COMPANIES—DEFAULT —FORMS—CONSTRUCTION OF TERMS.

A defendant surety company is bound by an arbitration award to a plaintiff arising out of the default of a third-party construction company, bonded by the defendant, where the bonding agreements state that the construction "contract is by reference made a part hereof" and the bond was written on a form furnished by the defendant; the provisions of a bond written on a form furnished by a surety will be strictly construed against the surety.

3. ARBITRATION AND AWARD—PRIMA FACIE EVIDENCE—PRINCIPAL AND SURETY—DAMAGES—DEFAULT—CONSTRUCTION CONTRACTS—DEFENSES—FRAUD.

An arbitration award in favor of a plaintiff against a third-party contractor is only prima facie evidence, and not res judicata, against a defendant surety company in a suit by the plaintiff against the surety for the damages arising out of the contractor's default on a construction contract, and this rule is subject to the qualification that there can be no fraud or collusion between the plaintiff and the contractor; this rule specifically

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award §§ 159–161.
[2, 3, 7] 5 Am Jur 2d, Arbitration and Award § 22.
[4] 5 Am Jur 2d, Arbitration and Award §§ 111, 112.
[5] 37 Am Jur 2d, Fraud and Deceit § 311 et seq.
[6] 37 Am Jur 2d, Fraud and Deceit §§ 441, 442.
[8] 5 Am Jur 2d, Arbitration and Award §§ 152, 161, 166.

reserves for the defendant bonding company the opportunity to present any special defenses that it might have as to its liability.

4. Arbitration and Award—Principal and Surety—Notice—Due Process—Arbitration Hearings—Prima Facie Evidence—Burden of Proof.

A defendant surety company was not denied due process by not having been given notice of an arbitration hearing involving a construction company bonded by the defendant, since an arbitration award is only prima facie evidence against the surety and all that results by making such an award prima facie evidence is to shift the burden of proof to the defendant, which does not violate due process in a civil action.

5. Fraud—Principal and Surety—Defenses—Liability.

A defendant surety company must show that a plaintiff was a party to a fraud for the defendant to successfully invoke the defense of fraud in a suit by the plaintiff against the defendant surety seeking to recover damages for the default on a construction contract by a construction company bonded by the defendant.

6. Fraud—Defenses—Fiduciary Relationships.

A plaintiff may be a party to an alleged fraud without actually participating in the fraud if there is a fiduciary relationship between the plaintiff and the defendant or if the plaintiff possessed such knowledge that it reasonably believed that the defendant could not acquire by other means; however, the duty imposed on the plaintiff, absent a fiduciary relationship with the defendant, does not require the plaintiff to make an investigation or to take any unusual steps to see that the defendant is acquainted with the facts that the plaintiff may logically assume are known by the defendant from other sources.

7. Pleading—Arbitration and Award—Principal and Surety—Motion to Strike—Third-Party Construction Companies—Breach of Contract—Prima Facie Evidence.

A defendant surety company's motion to strike from a plaintiff's complaint any reference to an arbitration award in favor of the plaintiff against a third-party construction company, bonded by the defendant, for damages arising from the construction company's breach of a construction contract was improperly granted where the arbitration award was entitled to weight as prima facie evidence against the surety and the surety has failed to carry its burden of showing that the plaintiff partici-

pated in any fraud on the surety; the plaintiff was not required to seek out the defendant surety company and detail what the plaintiff saw to be all the outstanding problems that the plaintiff was having with the construction company at the time that the construction company was bonded by the surety.

8. JUDGMENT—SUMMARY JUDGMENT—ARBITRATION AND AWARD—
   PRIMA FACIE EVIDENCE—PRINCIPAL AND SURETY.

   A plaintiff's motion for summary judgment against a defendant surety company as to the issue of liability should have been granted where it is determined that an arbitration award in plaintiff's favor against the party bonded by the surety was entitled to weight as prima facie evidence of the surety's liability and the surety failed to establish that the plaintiff in any way participated in any fraud on the surety.

Appeal from Oakland, Arthur E. Moore, J. Submitted January 13, 1976, at Detroit. (Docket Nos. 23495, 23496.) Decided March 24, 1976. Leave to appeal applied for.

Complaint by P. R. Post Corporation against Maryland Casualty Company, as surety on a performance bond and on a payment bond for McDe Construction Company, Incorporated, to recover damages suffered by the plaintiff when McDe defaulted on a construction contract. The defendant's motion to strike any reference to an arbitration proceeding between the plaintiff and McDe was granted and plaintiff's motion for summary judgment was denied. Plaintiff appeals by leave granted. Reversed and remanded.

*Grant, Schon, Wise & Grant,* for plaintiff.

*Jenkins, Fortescue, Miller & Nystrom* (by *Chris Parfitt),* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Plaintiff[1] entered into a contract with McDe Construction in August, 1969, to construct a building which the plaintiff was to lease to the Federal government for use as a post office. Pursuant to the contract, on June 30, 1970, McDe secured a performance bond and a payment bond from the defendant in favor of the plaintiff. The contract also included a provision requiring all disputes between the plaintiff and McDe to be submitted to arbitration.

During late 1969 and early 1970 the City of Roseville stopped work on the project due to a dispute about the elevation of the building. In order to recover some of its additional costs, McDe filed a request for arbitration against the plaintiff pursuant to the contract. Subsequently, the plaintiff filed a counter request for arbitration to recover damages resulting from McDe's delays. After the arbitration hearing was completed, but before the arbitrator rendered his decision, the plaintiff notified the defendant that McDe was in default on the construction contract.[2] The arbitrator's net award was confirmed by the Macomb County Circuit Court and affirmed by this Court.[3]

The plaintiff instituted the present suit to recover the damages it suffered when McDe defaulted on the construction contract. The damages the plaintiff seeks to recover specifically include those found by the arbitrator to be due to the plaintiff from McDe. In response the defendant filed a motion to strike any reference to the arbitration proceedings in the plaintiff's complaint.

[1] P. R. Post Corporation is the successor in interest to Penner-Ring Co, a partnership. We shall refer to both organizations as the plaintiff.

[2] It is stipulated by the parties that the defendant did not have notice of the arbitration hearing.

[3] *McDe Co, Inc v Penner-Ring Co (On Remand)* (Docket No. 13788, decided September 28, 1973 [unreported]).

The trial court denied the motion without preju-dice, and the defendant filed its answer. Subsequently, the plaintiff filed a motion for summary judgment and the defendant renewed its motion to strike. Following a hearing the trial court granted defendant's motion to strike and denied plaintiff's motion for summary judgment. From this action by the trial court the plaintiff appeals by leave granted.

The resolution of this appeal turns on the amount of weight we determine that the arbitration award is entitled to. If the award is entitled to no weight, the motion to strike was properly granted since any references to the arbitration award in the plaintiff's pleading would be immaterial. GCR 1963, 115.2, *accord, Stevens v Stevens,* 266 Mich 446, 450; 254 NW 162 (1934), *Grist v The Upjohn Co,* 1 Mich App 72, 86; 134 NW2d 358 (1965), see *Forstmann Woolen Co v Murray Sices Corp,* 10 FRD 367, 369 (SDNY, 1950). If, on the other hand, the arbitration award is entitled to at least some weight, the trial court improperly granted defendant's motion.

Conversely, the trial court improperly denied the plaintiff's motion for summary judgment if the arbitration award is admissible and either the defendant failed to plead a valid defense or it is determined that no genuine issue of material fact is in dispute. GCR 1963, 117.2(2), 117.2(3). The summary judgment motion was properly denied otherwise.

The parties initially differ on the significance of the fact that the dispute between the plaintiff and McDe was submitted to an arbitrator rather than to a court. We agree with the plaintiff that the award of the arbitrator is equivalent in this case to the judgment of a court. It has long been the

policy of this state to encourage the settling of disputes through arbitration rather than through resort to the courts. *Detroit v A W Kutsche & Co,* 309 Mich 700, 703; 16 NW2d 128 (1944), *The Alpena Lumber Co v Fletcher,* 48 Mich 555, 569; 12 NW 849 (1882), *Chippewa Valley Schools v Hill,* 62 Mich App 116, 120; 233 NW2d 208 (1975).

In spite of this the defendant argues that the arbitration award is entitled to no weight because it never agreed to submit any of its claims or defenses to arbitration. MCLA 600.5001(1); MSA 27A.5001(1), *Grosse Pointe Farms Police Officers Ass'n v Chairman of the Michigan Employment Relations Commission,* 53 Mich App 173, 176; 218 NW2d 801 (1974), *lv den* 392 Mich 783 (1974). However, both the performance and labor and material payment bonds state that the construction "contract is by reference made a part hereof". Since the bond was written on a form furnished by the defendant we strictly construe any provisions of the bond against the defendant. *Stark v Kent Products, Inc,* 62 Mich App 546, 548; 233 NW2d 143 (1975). We view this provision as the defendant's agreement to be bound by the arbitration clause in the contract between the plaintiff and McDe.

Having eliminated the defendant's secondary arguments in support of its motion to strike, we turn to the defendant's primary argument. The defendant claims that it should not be bound by the arbitration award against McDe because it had no notice of the arbitration hearing. However, in making this argument the defendant misconstrues the rule on what weight the arbitration award is entitled to. The rule only makes the award against McDe prima facie evidence against the defendant in the present suit. *Sauer v Detroit Fidelity &*

*Surety Co,* 237 Mich 697, 702; 213 NW 98; 51 ALR 1485 (1927), *Norris v Mersereau,* 74 Mich 687, 690; 42 NW 153 (1889), *accord,* Restatement Security, § 139(2), p 372. The rule is subject to qualification though, in that there can be no fraud or collusion between the plaintiff and McDe. *Sauer v Detroit Fidelity & Surety Co, supra* at 701. This procedure specifically reserves for the defendant the opportunity to present any special defenses that it might have as to its liability. *Kent Probate Judge v American Employers Insurance Co,* 283 Mich 328, 334–335; 278 NW 85 (1938).

The defendant retains the right to prove that it should not be held liable for damages awarded by the arbitrator. The defendant remains free to prove that the damages awarded actually occurred prior to the issuance of the bonds in question. It can also show that certain items of damage included by the arbitrator in the award are not covered by the bonds and therefore the defendant has no liability on those items. *Accord, Kent Probate Judge v American Employers Insurance Co, supra* at 334.

Even so, the defendant argues that cases such as those cited in the preceding paragraphs do not reflect modern due process thinking. See, *e.g., Lindsey v Normet,* 405 US 56, 66; 92 S Ct 862; 31 L Ed 2d 36 (1972), *Gonzales v United States,* 348 US 407, 412; 75 S Ct 409; 99 L Ed 467 (1955), *Mullane v Central Hanover Bank & Trust Co,* 339 US 306, 319; 70 S Ct 652; 94 L Ed 865 (1950). This argument would be very compelling if the arbitration award rendered against McDe was res judicata against the defendant. But since the arbitration award is only prima facie evidence against the defendant in the present action, we cannot say that the defendant was denied due process by not

being notified of the arbitration hearings against McDe. All that happens by making such an award prima facie evidence is to shift the burden of proof to the defendant, which in a civil action does not violate due process. See *Dick v New York Life Insurance Co,* 359 US 437; 79 S Ct 921; 3 L Ed 2d 935 (1959).

As a result, unless the defendant is able to prove that a fraud was perpetrated on it, the trial court improperly granted defendant's motion to strike the arbitration award from the plaintiff's pleadings. But for the defendant to successfully invoke the defense of fraud in this case it is necessary that it show that the plaintiff was a party to the fraud. *Saginaw Medicine Co v Batey,* 179 Mich 651, 667–670; 146 NW 329 (1914). The plaintiff may be a party to the fraud without actually participating if there is a fiduciary relationship between it and the defendant or if the plaintiff possessed such knowledge that it reasonably believed that the defendant could not acquire by other means. *Sullivan v Ulrich,* 326 Mich 218, 221; 40 NW2d 126 (1949), *Michigan National Bank v Martson,* 29 Mich App 99, 104; 185 NW2d 47 (1970). The duty imposed on the plaintiff though, absent a fiduciary relationship with the defendant, does not require the plaintiff to make an investigation or to take any unusual steps to see that the defendant is acquainted with facts that the plaintiff may logically assume are known by the defendant from other sources. Restatement Security, § 124, comment B, pp 328–329.

In this case, based on the record before this Court, we cannot say that the defendant has carried its burden of showing that the plaintiff participated in any fraud on it. While the information concerning the delays caused by the City of Rose-

ville was unquestionably material, in our view a reasonable building owner would conclude that the contractor would inform the proposed surety of such problems. The plaintiff was not required to seek out the defendant and detail what it saw to be all the outstanding problems that it was having with McDe when McDe received the bonds.

Having determined that the trial court should have denied the defendant's motion to strike, we now turn to the question of whether the plaintiff's motion for summary judgment should have been granted. Although fraud may be a valid defense in a suit between a beneficiary and a surety, the defendant has failed to establish that the plaintiff had a duty to take any unusual steps to inform the defendant of any problems. GCR 1963, 117.2(3). The trial court should have granted the plaintiff's motion for summary judgment as to the issue of liability. GCR 1963, 117.4.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.