P R POST CORPORATION v MARYLAND CASUALTY COMPANY

Docket Nos. 58498, 58499. Argued October 4, 1977 (Calendar No. 12). —Decided November 20, 1978.

P. R. Post Construction Corporation brought an action against Maryland Casualty Company, the surety on a performance bond and a labor and material bond for McDe Construction Company, Inc., for damages suffered when McDe defaulted on a construction contract. The Oakland Circuit Court, Arthur E. Moore, J., granted the defendant's motion to strike any reference to an arbitration proceeding between the plaintiff and McDe, and denied the plaintiff's motion for summary judgment. The Court of Appeals, Bronson, P.J., and R. B. Burns and D. E. Holbrook, Jr., JJ., reversed and remanded (Docket Nos. 23495, 23496). The defendant argues that it had not agreed to be bound by the arbitration clause in the contract between the plaintiff and McDe. The defendant also argues that the Court of Appeals incorrectly decided that the defendant had failed to establish fraud which was alleged in the defendant's answer to the complaint where the circuit court had not reached the merits of that issue. Defendant appeals. *Held:*

1. A judgment against the principal in a bond is admissible as prima facie evidence in a suit on the bond by the obligee against the surety. There is no requirement that the surety have knowledge of the previous suit or be a party to it. By court rule a judgment confirming an arbitration award has the same effect as judgments in other cases. Therefore, a judgment confirming an arbitration award against the principal, while not conclusively binding on the surety, is admissible against the surety as prima facie evidence in a suit on the bond.

2. The effect of admission of prima facie evidence is to shift the burden of proceeding to the party calling the evidence into question. The defendant surety is required to come forward

REFERENCES FOR POINTS IN HEADNOTES

[1] 74 Am Jur 2d, Suretyship §§ 152, 196, 197.
[2] 74 Am Jur 2d, Suretyship §§ 152, 155.
[3] 29 Am Jur 2d, Evidence § 126.
[4] 74 Am Jur 2d, Suretyship §§ 152, 182 *et seq.*
[5] 74 Am Jur 2d, Suretyship §§ 128, 148, 161.

with evidence to rebut its liability for the arbitration award against its principal. Generally, the defendant surety may plead any defense available to its principal, as well as those personal to itself. For example, the surety may be able to show that the award includes matters that arose prior to its liability on the bond, that it includes matters not within the terms of the bond, or that the award is void for fraud or collusion.

3. The court rules require that the facts constituting the affirmative defense of fraud be stated with particularity. It cannot be said that the trial court erred in denying the plaintiff's motion for summary judgment made on the ground that the affirmative defenses were legally invalid and that therefore there existed no genuine issue of material fact. The trial court may have found that the defendant surety's assertion of fraud by concealment of material facts which affected its obligation was an implicit allegation that the plaintiff was a party to the fraud alleged.

The decision of the Court of Appeals is reversed in part and the case is remanded to the trial court for further proceedings.

68 Mich App 182; 242 NW2d 62 (1976) affirmed in part, reversed in part.

1. PRINCIPAL AND SURETY — JUDGMENT AGAINST PRINCIPAL — EVIDENCE — ADMISSIBILITY.

A judgment against a principal in a bond is admissible as prima facie evidence in a suit on the bond by the obligee against the surety; there is no requirement that the surety have knowledge of the previous suit or be a party to it.

2. PRINCIPAL AND SURETY — ARBITRATION AND AWARD — JUDGMENT AGAINST PRINCIPAL — EVIDENCE — ADMISSIBILITY.

A judgment confirming an arbitration award against the principal in a bond, while not conclusively binding on the surety, is admissible as prima facie evidence in a suit on the bond against the surety, in the same manner as other judgments against the principal (MCL 600.5025; MSA 27A.5025; GCR 1963, 769.13[2]).

3. EVIDENCE — PRIMA FACIE EVIDENCE — BURDEN OF PROCEEDING.

The effect of the admission of prima facie evidence is to shift the burden of proceeding to the party calling the evidence into question.

4. PRINCIPAL AND SURETY — ARBITRATION AND AWARD — JUDGMENT AGAINST PRINCIPAL — DEFENSES.

A defendant surety must come forward with evidence to rebut its liability on the bond for a judgment on an arbitration award against its principal which is introduced as prima facie evi-

dence against the surety; generally, the surety may plead any defense available to its principal, as well as defenses personal to itself.

5. Judgment — Summary Judgment — Principal and Surety — Affirmative Defenses — Fraud.

The facts constituting the affirmative defense of fraud must be stated with particularity; however, it cannot be said that a trial court erred in denying a plaintiff's motion for summary judgment against a surety in a bond who asserted a defense of fraud in the concealment of material facts which affected its obligation where the trial court may have found that the assertion of the defense was an implicit allegation that the plaintiff was a party to the fraud alleged (GCR 1963, 111.7, 112.2, 117.2[3]).

*Grant, Schon, Wise & Grant, P.C.,* for plaintiff.

*Jenkins, Fortescue, Miller & Nystrom* (by *Chris Parfitt)* for defendant.

RYAN, J. This case requires us to determine whether an arbitrator's award in a dispute between the parties to a construction contract is admissible evidence in a subsequent suit by the owner against the contractor's surety, when the surety had no notice of, nor opportunity to participate in, the arbitration proceedings.

The Court of Appeals held that the arbitrator's award was admissible as prima facie evidence. 68 Mich App 182, 187; 242 NW2d 62 (1976). We agree.

The Court of Appeals also held that the owner's motion for summary judgment on the issue of the surety's liability should have been granted. 68 Mich App 182, 190. We disagree and reverse.

## FACTS

On August 22, 1969, plaintiff's predecessor in interest, as owner, entered into a contract with the McDe Construction Company, Inc. (hereafter refer-

red to as contractor), for the construction of a post office building in Roseville, Michigan. According to the terms of the contract, the owner and the contractor agreed to submit any disputes or claims that might arise under the contract to arbitration.

Prior to the execution of the contract, defendant, as surety, confirmed, by a letter to its agent, that it would write both a performance bond and a labor and material bond in favor of the owner covering the contractor's obligations under the contract, subject to certain conditions. The bonds were not issued at that time. After the execution of the contract and commencement of construction, the owner's interest was assigned to plaintiff.

On June 19, 1970, plaintiff and the contractor signed an agreement to submit differences and disputes which had arisen between them to binding arbitration, pursuant to the arbitration clause in their contract.

Subsequently, on June 30, 1970, defendant issued its bonds which incorporated the construction contract by reference. On July 2, 1970, defendant consented to the assignment of the owner's interest in the construction contract to plaintiff.

Defendant did not receive any notice of the agreement to arbitrate nor of the arbitration hearing, and was not made a party thereto.

After the arbitration hearing was completed, but before the decision was rendered, plaintiff notified defendant by letter that the contractor was in default on the construction contract. Subsequently, the arbitrator made a net award in favor of plaintiff which was confirmed by the Macomb Circuit Court and affirmed by the Court of Appeals. *McDe Co, Inc v Penner-Ring Co (On Remand)* (Docket No. 13788, September 28, 1973).

Plaintiff later instituted this suit against defend-

ant, as surety, to recover the damages it suffered through the contractor's default on the construction contract. The damages plaintiff is seeking specifically include the amount the arbitrator awarded plaintiff against the contractor.

The trial court granted defendant's motion to strike any reference to the arbitration proceedings in the complaint, apparently on the grounds that defendant had no formal legal notice of, and was not joined as a party to, the arbitration proceedings nor the action confirming the arbitrator's award. The Court of Appeals reversed, finding that the reference to the arbitration award was admissible as prima facie evidence in the suit against the surety.

On appeal to this Court, defendant contends that any reference to the arbitration proceedings must be stricken from the complaint because defendant did not agree to be bound by the arbitration clause contained in the construction contract between plaintiff and the contractor. Further, defendant contends its right to due process has been violated if it is bound by the arbitrator's award when defendant had no notice of, and was not a party to, the arbitration proceedings.

We find it unnecessary to answer either of these contentions because we find that defendant is not bound by the arbitrator's award, although that award is admissible as prima facie evidence of defendant's liability.

The rule followed most frequently in determining the effect and conclusiveness of a judgment against a principal in a suretyship contract has been stated as follows:

"[T]hat unless the condition of the bond makes it otherwise, a judgment against the principal in the bond

is admissible, and is at least prima facie evidence, against the surety in an action against him, although the surety was not a party to the former action and had no notice thereof. In some jurisdictions it is said that such a judgment constitutes at least presumptive evidence against the surety. The surety is in such cases permitted to defend, however, by showing all matters that might have been asserted by the principal in the bond. Clearly, the surety is permitted to defend on any ground personal to himself which was not an issue, and could not be made an issue, in the action as it was waged." 74 Am Jur 2d, Suretyship, § 152, pp 108-109.[1]

Although no recent Michigan cases have addressed the precise issue before us, it was established very early in the jurisprudence of this state that a judgment against the principal is admissible as prima facie evidence in a suit by the obligee against the surety on a bond. *Lee v Wisner,* 38 Mich 82, 88 (1878); *People ex rel Norris v Mersereau,* 74 Mich 687, 691; 42 NW 153 (1889); *Stevens v Pendleton,* 94 Mich 405, 410; 53 NW 1108 (1892); *McPharlin v Fidelity & Deposit Co of Maryland,* 162 Mich 141, 145; 127 NW 307 (1910); *Sommers v National Surety Co,* 229 Mich 422, 425; 201 NW 443 (1924).

---

[1] A similar rule is enunciated in Restatement Security, § 139(2), p 372, where it is stated:

"(2) Where, in an action by a creditor against a principal, judgment is given, other than by default or confession, in favor of the creditor, and the creditor subsequently brings an action against the surety, proof of the judgment in favor of the creditor creates a rebuttable presumption of the principal's liability to the creditor."

See also Simpson, Law of Suretyship, § 61, p 261 for a discussion on this issue which is summarized there as follows:

"There is a diversity of view as to the effect of a judgment in favor of the creditor against the principal debtors. A few courts hold such a judgment to be conclusive evidence of the creditor's right to payment from the surety. According to others it is res inter alios acta, and not even admissible in evidence against the surety. The more prevalent view is that such a judgment proves prima facie that the creditor has a claim against the surety for the amount of the judgment."

And see 10 Williston, Law of Contracts (3d ed), § 1256, pp 816-819.

A brief analysis of the significance of the issue of notice to the surety of the earlier proceedings against its principal in each of these decisions should help to illuminate the present state of Michigan law on this issue.

In *Lee v Wisner, supra,* the surety not only knew of an earlier suit against its principal, but participated in an interview with the parties to that suit in an attempt to get the claim against its principal reduced. The Court held that, under such circumstances, the judgment against the principal in the first suit was properly received as prima facie evidence against the surety in the later suit on its bond. However, the Court did not enunciate any general rule prospectively requiring a finding of such knowledge or participation on the part of the surety before allowing any similar judgment to be admitted as prima facie evidence against a surety.

In *Norris v Mersereau, supra,* the plaintiff had obtained a judgment for wrongful levy against a sheriff in a suit in Federal court. When execution on that judgment was returned unsatisfied, plaintiff brought an action in state court against the surety on the sheriff's bond. Although the Court's opinion does not expressly state whether the surety had any notice of, or opportunity to participate in, the earlier suit in Federal court, the discussion concerning the admissibility of the earlier judgment as prima facie evidence against the surety in the state court proceedings suggests lack of such notice or participation. The Court said:

"The only remaining question is as to the effect of the judgment. The judgment in the action in the United States court is so clearly one for a wrongful levy as to need no discussion on that point. But it is claimed it has no effect as evidence against sureties, and it is

further claimed that it must be conclusive evidence, or no evidence at all.

"There is certainly some variance in the authorities on the subject, but the prevailing reasons, except where there are statutory difficulties, seem to favor the rule that such a judgment is *prima facie* evidence against the sureties. That doctrine was held, after full discussion, in *Lowell v Parker,* 10 Metc [51 Mass] 309 [43 Am Dec 436 (1845)], and very convincing reasons were given in favor of it. That such a judgment should not be *conclusive* against the surety, unless he has been notified to defend, or made a party, is well enough based on the possibility of fraud or collusion. But beyond this there is no very good reason for any exception." *Norris, supra,* 690. (Emphasis added.)

In *Stevens v Pendleton, supra,* a lessor sued its lessee's surety on a lease that had been reformed in an earlier suit. The surety had not been a party to that earlier suit. Without discussing the issue of notice to the surety of the earlier suit, the Court held that it was reversible error for the trial judge to refuse plaintiff's request for an instruction that plaintiff had proved a prima facie case against the surety (apparently on the basis of the evidence of the earlier judgment against its principal) and that the effect of this evidence was to shift the burden of proof to the surety. 94 Mich 410-411.

*McPharlin v Fidelity & Deposit Co of Maryland, supra,* differs from the foregoing cases because there the surety had been a party defendant in an earlier suit against its principal. Subsequently, the surety's motion for new trial was granted. The Court held it was proper to admit the earlier judgment against the principal as prima facie evidence against the surety in the surety's new trial, citing *Norris* for the proposition that "[t]he general rule is that a judgment against a principal

is *prima facie* evidence against the surety with notice of the proceedings". 162 Mich 145.

However, our reading of *Norris* indicates that the *McPharlin* Court incorrectly read this "notice" provision into the *Norris* holding. The *Norris* Court never indicated whether the surety had notice of the earlier proceedings against its principal. In fact, its discussion of the rationale for its decision implies that notice to the surety was not a prerequisite to the admissibility of the judgment against the principal as prima facie evidence of the surety's liability.

Finally, in *Sommers v National Surety Co,* the Court held that a judgment entered before trial upon a stipulation to liability made by the parties to a suit between a supplier and a contractor was properly admitted as prima facie evidence against the contractor's surety in a subsequent suit by the supplier against the surety, citing *Norris, supra.* The Court never discussed whether the surety had notice of the earlier suit against its principal. Yet the only Michigan case it cited as authority for admitting the judgment as evidence was *Norris,* although *McPharlin,* with its apparent "notice" requirement, had been decided some 14 years before the *Sommers* decision.

This brief review of our case law indicates that this Court has long subscribed to the rule stated in 74 Am Jur 2d, Suretyship, *supra,* that a judgment against the principal in a bond is admissible as prima facie evidence against the surety in an action on the bond, although the surety was not a party to the former action and had no notice thereof.

It is clear that a judgment confirming an arbitration award should be admissible in the same manner. By statute, circuit courts in Michigan

have jurisdiction to render judgment on an arbitration award, MCL 600.5025; MSA 27A.5025, and by court rule such judgments have the same force and effect as judgments in other cases. GCR 1963, 769.13(2). The arbitrator's award in this case was confirmed by the Macomb County Circuit Court and affirmed by the Court of Appeals.

We hold that the judgment confirming the arbitrator's award is not conclusively binding on defendant, but is admissible as prima facie evidence in the suit on its bond.

The legal effect of the admission of prima facie evidence is to shift the burden of proceeding to the party calling the evidence into question. *Douglas Shoe Co v Pere Marquette R Co,* 241 Mich 297, 301; 217 NW 12 (1928).

This shifting of the burden of proceeding requires the defendant to come forward with evidence to rebut or contradict its liability for the arbitration award against its principal. Generally, defendant will be allowed to plead any defense available to its principal, *In re MacDonald Estate,* 341 Mich 382, 387; 67 NW2d 227 (1954), as well as those personal to itself. Among other available defenses, defendant may be able to show, for example, that the arbitration award includes matters that arose prior to its liability on the bonds; that the award includes matters not within the terms and conditions of its bond, *Kent Probate Judge ex rel Heaney v American Employers Ins Co,* 283 Mich 328, 336; 278 NW 85 (1938), or that the award is void for fraud or collusion. *People ex rel Clinton v Laning,* 73 Mich 284, 288; 41 NW 424 (1889).

## SUMMARY JUDGMENT

In the trial court, plaintiff moved for summary judgment on the ground that, except as to the

amount of damages, there existed no genuine issue as to any material fact, and therefore plaintiff was entitled to judgment as a matter of law because defendant's affirmative defenses were legally invalid. GCR 1963, 117.2(3). In the alternative, plaintiff moved for partial summary judgment establishing the liability of defendant on its bonds. The trial court denied this motion.

The Court of Appeals reversed and held that plaintiff's motion as to the issue of defendant's liability should have been granted, apparently finding that defendant had failed to plead sufficient facts which, if proven, would establish a valid defense of fraud. 68 Mich App 190. We reverse the decision of the Court of Appeals on this issue.

We note that our court rules require that the facts constituting the affirmative defense of fraud be stated with particularity. GCR 1963, 111.7 and 112.2. While we may have required greater particularity from defendant in asserting this affirmative defense, we cannot say the trial court erred in denying plaintiff's motion for summary judgment. The trial court may have found that defendant's assertion of fraud based on the concealment of material facts which affected its obligation was an implicit allegation that plaintiff was a party to the alleged fraud.[2]

This case is remanded to the trial court for proceedings consistent with this opinion.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred with RYAN, J.

---

[2] Our case law requires that before a surety may successfully invoke the defense of fraud in an action by the obligee on a bond, the surety must show that the obligee was a party to the fraud. *Saginaw Medicine Co v Batey,* 179 Mich 651, 667-670; 146 NW 329 (1914).