# STATE OF MICHIGAN

# COURT OF APPEALS

JERMAINE JORDAN,

        Plaintiff-Appellant/Cross Appellee,

v

STATE FARM FIRE AND CASUALTY,

        Defendant-Appellee/Cross
        Appellant.

UNPUBLISHED
February 9, 2017

No. 329305
Genesee Circuit Court
LC No. 13-099691-CK

Before: WILDER, P.J., and CAVANAGH and K.F. KELLY, JJ.

PER CURIAM.

In this insurance fraud matter, plaintiff, Jermaine Jordan, appeals as of right an order of no cause of action entered following the jury trial below. Defendant, State Farm Fire and Casualty (State Farm), claims a cross-appeal from that same order. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of plaintiff's insurance claim for fire loss resulting from an intentionally set fire that destroyed a residential property (the subject property) that was owned by plaintiff and insured under a State Farm homeowner's insurance policy (the homeowner's policy). According to plaintiff, on the date of the fire he "was out of town and . . . received a phone call from a friend" informing him of the fire. Plaintiff subsequently filed a claim for benefits, which State Farm promptly denied. State Farm's denial was based on its conclusions that the fire was a result of arson that plaintiff either personally committed or arranged for, and that plaintiff lied about the arson, made other material misrepresentations to State Farm about the fire, and concealed evidence.

In response to plaintiff's complaint in this matter, State Farm asserted, along with its answer, the following affirmative defense:

**SEVENTH DEFENSE**
(Application of Policy Conditions)

The policy in question contains the following language:

-1-

**SECTION I – CONDITIONS**

\* \* \*

13. Intentional Acts.  If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

**SECTION I AND SECTION II - CONDITIONS**

\* \* \*

2. Concealment or Fraud.  This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

\* \* \*

Contrary to the policy provisions precedent to recovery, the Plaintiff has failed to provide requested documentation, completely submit to an Examination Under Oath and fully/accurately respond to the questions and request for documents submitted at that time, failed to present a proper Sworn Statement in Proof of Loss, misrepresented and concealed material facts and circumstances relating to the loss, intentionally caused or procured the loss for purposes of obtaining insurance benefits, and/or otherwise committed fraud relating to the loss.  Having violated these conditions precedent to recovery, Defendant is entitled to judgment in its favor as a matter of law.

The policy also provides that no one may bring a legal action against the Defendant under this policy until such time as there has been full compliance with all of the terms and conditions of the policy.  Plaintiff has also violated this policy condition and, therefore, Defendant is entitled to judgment in its favor as a matter of law for this reason as well.

Plaintiff neither moved to strike the above affirmative defense nor filed a motion seeking a more definite statement of that defense.

Following discovery, the matter proceeded to a jury trial, which spanned several days. After the jury received its instructions and retired for deliberations, plaintiff's counsel placed an objection on the record "to the fraud or misrepresentation charge and [it] being one of the instructions on the jury verdict," but counsel did not explain the grounds for his objection, instead noting that the matter had previously been discussed in chambers.  Following its deliberations, the jury returned a verdict indicating (1) that plaintiff did not "have a guilty connection with the fire of March 26, 2012," but (2) that plaintiff *did* "commit false swearing or

misrepresent or conceal material facts . . . regarding [his] loss or any aspect of his for insurance proceeds[.]" Accordingly, the trial court entered an order of no cause of action against plaintiff.

## II. ANALYSIS

On appeal, plaintiff argues that State Farm asserted fraud as an affirmative defense but failed to plead that defense with the specificity required under MCR 2.112(B)(1) ("In allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity."). Thus, plaintiff contends, it was improper for the trial court "to submit the putative issue of fraud to the jury." We hold that plaintiff forfeited this unpreserved error by failing to timely raise it.

"Generally, an issue is not properly preserved if it is not raised before, and addressed and decided by, the trial court." *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005). More specifically, however, MCR 2.512(C) provides, "A party may assign as error the giving of or the failure to give an instruction *only if* the party objects *on the record before the jury retires to consider the verdict* . . . stating specifically the matter to which the party objects *and the grounds for the objection*." (Emphasis added.) Although plaintiff objected on the record, he did so only after the jury had already retired for deliberations. Moreover, plaintiff failed to state the grounds supporting his objection, instead merely stating that the parties had previously "discussed" the matter "in chambers." Thus, this issue is unpreserved and is reviewed for plain error affecting plaintiff's substantial rights. See *McNeel v Farm Bureau Gen Ins Co of Mich*, 289 Mich App 76, 89; 795 NW2d 205 (2010).

As an initial matter, we note that plaintiff has failed to cite any precedent indicating that the pleading requirement set forth by MCR 2.112(B)(1) is applicable to affirmative defenses in the first instance. Generally, that rule "applies only to the original *pleadings* opening a case," *Williams v Williams*, 214 Mich App 391, 395; 542 NW2d 892 (1995) (emphasis added), and affirmative defenses do not qualify as "pleadings" under our court rules, MCR 2.110(A); *McCracken v City of Detroit*, 291 Mich App 522, 527; 806 NW2d 337 (2011).[1]

In any event, we need not decide the issue because, even assuming, arguendo, that MCR 2.112(B)(1) *does* apply to affirmative defenses, plaintiff is nevertheless unentitled to appellate relief. "[A] failure to timely assert a right constitutes a forfeiture." *Nexteer Auto Corp v Mando America Corp*, 314 Mich App 391, 395; 886 NW2d 906 (2016). Despite the fact that State Farm filed its affirmative defenses in March 2013, plaintiff failed to pose any objection to those defenses before the jury trial, which began more than two years later. Indeed, plaintiff waited

---

[1] But see *P R Post Corp v Maryland Cas Co*, 403 Mich 543, 553; 271 NW2d 521 (1978) ("We note that our court rules require that the facts constituting the affirmative defense of fraud be stated with particularity. GCR 1963, 111.7 and 112.2."). See also *Andres, ex rel Phillips v State Farm Mut Auto Ins Co*, 485 Mich 903, 905 (2009) (KELLY, C.J., dissenting) ("[E]ven if the paragraph were intended to plead fraud as an affirmative defense, the *pleading* unquestionably fails to state with particularity the circumstances of the fraud. Thus, defendant's affirmative defense of fraud, if any, is hopelessly deficient under MCR 2.112(B).") (emphasis added).

until the end of the trial—after the jury had already been instructed and had begun deliberations—to place an objection on the record regarding State Farm's fraud defense. And even then, plaintiff failed to state the grounds for his objection. Allowing plaintiff to proceed with his instant claim of error would contravene the well-established rule that parties must not be permitted to harbor error as an appellate parachute. See, e.g., *Loutts v Loutts*, 298 Mich App 21, 36; 826 NW2d 152 (2012) ("It is unfair to harbor error and use it as an appellate parachute."). We refuse to countenance such gamesmanship in litigation.

Furthermore, even if we were to decide that State Farm's fraud defense was not stated with sufficient particularity to satisfy MCR 2.112(B)(1), plaintiff has failed to demonstrate that he was prejudiced by that error. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Demski v Petlick*, 309 Mich App 404, 427; 873 NW2d 596 (2015) (quotation marks and citations omitted). Had plaintiff timely objected, State Farm most likely would have been permitted to amend its affirmative defenses to elaborate on the factual basis underlying its fraud defense. See *Southeast Mich Surgical Hosp, LLC v Allstate Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 323425); slip op at 3 (noting that, while "affirmative defenses are not pleadings, the court rules unambiguously permit them to be amended in the same manner as pleadings," and motions to amend such defenses "should be granted as a matter of course so long as doing so would not prejudice the plaintiff.") (quotation marks, citations, and italicized emphasis omitted). Plaintiff has failed to explain how he was allegedly harmed by the purported error, how a more thoroughly explained affirmative defense would have impacted his trial strategy, and how the lack of such an explanation was outcome determinative here. Thus, plaintiff has failed to carry the requisite burden of proof to avoid forfeiture under plain error review.

We need not address the evidentiary issues raised in State Farm's cross-appeal, which are rendered moot by our conclusion that plaintiff has failed to state a ground entitling him to reversal. See *Madson v Jaso*, ___ Mich App ___, ___ n 9; ___ NW2d ___ (2016); slip op at 8 n 9 ("An issue is moot and generally will not be reviewed if this Court can no longer fashion a remedy for the alleged error.").

Affirmed.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

-4-