GLENHURST CONSTRUCTION COMPANY, INC. *v.* DANIEL

EVIDENCE—DEFENSE NOT PLEADED—MOTION TO STRIKE.
> The trial court properly granted a motion to strike the testimony
> of a defendant, received over plaintiff's objection, where the
> defense of fraud attempted to be raised by the testimony was
> not pleaded as required by court rules, and was therefore
> waived (GCR 1963, 111.3, 111.7, 112.2).

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 June 2, 1970, at Lansing. (Docket No. 6,850.) Decided June 29, 1970.

Complaint by Glenhurst Construction Company, Inc., against Cecil E. Daniel and Ann M. Daniel for specific performance on a land contract. Judgment for plaintiff. Defendants appeal. Affirmed.

*James G. Hartrick,* for plaintiff.

*Kuhn & Scupholm,* for defendants.

Before: LESINSKI, C. J., and QUINN and ROOD,[*] JJ.

PER CURIAM. The trial court granted plaintiff specific performance of land contracts executed by defendants. On appeal, defendants contend it was

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
[1] 41 Am Jur, Pleading §§ 327, 328.

reversible error for the trial court to strike from the record certain testimony by defendant Cecil E. Daniel.

The testimony involved related to defendants' claim that they were induced to execute the contracts by fraudulent representations of plaintiff's assignor. Plaintiff objected to the testimony, and it was received on condition that it did not vary the terms of the contract. The trial court granted plaintiff's motion to strike the testimony.

The trial court was correct. The defense attempted to be raised by this testimony was not pleaded as required by GCR 1963, 112.2 and 111.7. If not pleaded, the defense is waived. GCR 1963, 111.3. The record discloses no motion to amend to include fraud as a defense. GCR 1963, 118.3.

Defendants' claim to additional interest has been conceded by plaintiff which tenders the amount thereof, $368.48.

Affirmed on payment of $368.48 by plaintiff to defendants, with costs to plaintiff.