# Order

Michigan Supreme Court
Lansing, Michigan

October 9, 2009

138070

RAYMOND HENRY ANDRES, by and
through his guardian, MARK KEVIN
PHILLIPS,
        Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
        Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138070
COA: 279608
Wayne CC: 04-411019-NF

On order of the Court, the application for leave to appeal the December 2, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of Court of Appeals. Although the defendant mentioned fraud in its affirmative defenses, and the trial court addressed the fraud issue, the Court of Appeals held that the defendant had failed to state "the circumstances constituting fraud" "with particularity" as required by MCR 2.112(B)(1). Given the trial court's express consideration of the defendant's fraud defense, the Court of Appeals erred in failing to review the defendant's fraud argument. Accordingly, we REMAND this case to the Court of Appeals for consideration of the defendant's argument that the trial court erred in granting summary disposition for the plaintiff and enforcing the parties' attendant care services agreement.

We retain jurisdiction.

KELLY, C.J. (*dissenting*).

I dissent from the Court's order peremptorily reversing the Court of Appeals judgment and remanding this case for consideration of defendant's fraud argument. Defendant did not properly raise fraud in the trial court. In ruling to the contrary, this Court gives short shrift to several important court rules and to established caselaw.

The underlying facts of this case stem from an automobile accident in which Raymond Andres suffered a traumatic brain injury. He has since required 24-hour care, which is provided by his family. Defendant State Farm Mutual Automobile Insurance Company is Raymond's automobile insurance carrier. Lori Andres, Raymond's former wife and guardian, entered into an "Attendant Care Services Agreement" with defendant for payment of attendant care benefits. Defendant later declared the agreement null and void, claiming it was procured by fraud. According to defendant, a State Farm claims representative and the attorney representing Raymond and Lori Andres committed the fraud.

Lori, as Raymond's guardian and conservator, filed suit to enforce the agreement.[1] When plaintiff brought a motion for summary disposition, the trial court granted it, ruling that plaintiff was entitled to recover attendant care benefits at the rates specified in the agreement. Defendant appealed, arguing that the agreement was unenforceable because it had been procured by fraud.

The Court of Appeals did not address the issue because it held that defendant had waived fraud as an affirmative defense as a result of deficiencies in its pleadings. The court relied on MCR 2.111(F), which requires a party to timely raise an affirmative defense.[2] MCR 2.111(F)(3)(a) mandates that fraud be stated in a party's responsive pleading, either as originally filed or as amended. Furthermore, MCR 2.112(B) requires a party asserting fraud to state the circumstances constituting fraud with particularity. A party that fails to assert fraud as an affirmative defense in conformity with our court rule waives it as a defense to a claim.[3]

Here, defendant merely mentioned fraud in its responsive pleading in reference to its request for attorney fees:

> 7. [State Farm] is entitled to attorney fees since Plaintiff's claim is in some respect fraudulent or so excessive as to have no reasonable foundation. See Section 3148 of the Michigan No-Fault statute.

I agree with the Court of Appeals that defendant did not specifically allege that its agreement with Andres was unenforceable because it was procured by fraud. In fact, given its citation of the no-fault act, this paragraph appears to have been included solely for the purpose of recovering attorney fees.[4] Moreover, even if the paragraph *were*

---

[1] Lori Andres was later replaced as Raymond's guardian by Raymond's brother, Mark Phillips (hereinafter plaintiff).

[2] MCR 2.111(F)(2); *Harris v Vernier*, 242 Mich App 306, 312 (2000).

[3] *Glenhurst Construction Co, Inc v Daniel*, 25 Mich App 115, 116 (1970).

[4] See MCL 500.3148(2).

intended to plead fraud as an affirmative defense, the pleading unquestionably fails to state with particularity the circumstances of the fraud. Thus, defendant's affirmative defense of fraud, if any, is hopelessly deficient under MCR 2.112(B).

On appeal in this Court, defendant does not contend that it asserted fraud with particularity. Rather, it asserts that defendant is entitled to raise the issue on appeal because plaintiff failed to raise it in plaintiff's motion for summary disposition.

A review of the record reveals that plaintiff explicitly stated in his brief supporting his motion for summary disposition that defendant "has not pled with particularity any facts to support [its] fraud affirmative defense which should be struck." Thus, plaintiff did raise the issue in the trial court, and the Court of Appeals properly concluded that defendant failed to allege fraud with the requisite particularity.

Now this Court peremptorily reverses that ruling notwithstanding the fact that the Court of Appeals faithfully applied the relevant court rules and the caselaw interpreting them. This Court should do the same and deny defendant's application for leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 9, 2009

_____
Clerk

p1006